The Central Railroad and Banking Company *vs.* Grant and O'Hara.

---

THE CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* LEWIS GRANT, defendant in error.

THE CENTRAL RAILROAD AND BANKING COMPANY, plaintiff in error, *vs.* PATRICK O'HARA, defendant in error.

A railroad company is not liable for injuries sustained by laborers in the employ of a contractor who was working for said company, though it may have furnished implements and materials for the performance of such work. (R.)

Railroads.   Contractors.   Liability to sub-contractors. Running of cars.   Before Judge COLE.   Bibb Superior Court.   October Term, 1871.

Lewis Grant and Patrick O'Hara brought separate actions on the case against the Central Railroad and Banking Company for injuries sustained.   The two cases were heard together in the Superior and Supreme Courts.   The defendant pleaded not guilty.

It appeared from the evidence that plaintiffs were employed by a Mr. Names, as overseer of a gang of men; that plaintiffs were engaged in filling in an embankment with a dirt car when the accident happened; that the dirt car fell from a trestle; that the laborers had been working with a barrow, but were compelled to change to the dirt car, on account of it becoming necessary to go very far out on the trestle; that the trestle gave way and the car fell off, injuring plaintiffs severely; that the car, at the time of the injury, was being hauled by two mules, who walked on the ground below, being attached to the car by a long rope; that Mr. Wadley, the president, saw the trestle when it was being built; that Mr. Adams was the contractor for the work which was being done for defendant; that plaintiffs were paid by Names, and defendant had nothing to do with hiring them; that the dirt car, the mules, the driver and the trestle work belonged to the defendant; that the work was let out by the defendant to a contractor, the former agreeing to furnish track, trestle and motive power, except barrows; that defendant had no control over the mules, cars or men.

The jury returned a verdict for the plaintiffs.   The defendant moved for a new trial upon the following grounds, to-wit:

1st. Because the Court erred in its charge to the jury, in this, that "if it was the contract that the defendant was to furnish to the contractors a safe and sufficient track, car and motive power to move the dirt, and the accident resulted to plaintiff from an insecure, insufficient and unsafe track, car

The Central Railroad and Banking Company *vs.* Grant and O'Hara.

or motive power, then the defendant is liable to the plaintiffs for the injuries sustained by them, if the injury was the result of furnishing unsafe track, car," etc.

2d. Because the verdict of the jury was contrary to the following charge of the Court, "that if they should be satisfied, from the evidence, that Names, a contractor, agreed with the defendant to do the work on which plaintiffs were engaged when they received the injuries complained of, the defendant agreeing to furnish track, car and motive power for transferring the dirt by the contractors, and for this purpose furnished a car, mules and driver, with instructions to move the car by hand, and not to attach the mules until a brake was attached to the car, and the plaintiffs, with others, employees of the said contractor, in opposition to and in disobedience of the instructions of defendant's agent, attached mules to the car, for the purpose of hauling the dirt, before the brake was attached, and while so using the car, the plaintiffs were injured, and in consequence of such use, then plaintiffs * * * would not be entitled to recover."

3d. Because the verdict was contrary to the law and the evidence.

The motion for a new trial was overruled by the Court and plaintiff in error excepted, and now assigns said ruling as error.

W. K. DeGraffenreid; Lyon & Irvin; Jackson, Lawton & Basinger, for plaintiff in error, submitted the following brief: The plaintiffs were not the servants of the defendant, but of one Names, who had the entire supervision and control of the work and the plaintiffs. If the plaintiffs had been the servants of the defendant, they could not recover of it, having accepted the hazards of the work by the employment: Young & Shields, 15 Ga., 359. And the injury not happening from the running of the trains, and therefore not within section 2057 of Code. The plaintiffs having been employed to do this work (in the doing of which the injuries were received by them,) by Names, the contractor,

and they nor the work being under the direction of the defendant, but under that of Names, are not entitled to recover of the defendant: Stephens *vs.* Armstrong, 2 Selden, 425; Brown *vs.* Maxwell, 4 Hill, 592; Vanderhoot *vs.* Husband, 28 Barbour, 196; Delmonico *vs.* Mayor of New York, 1 Sands, 222; Lacour *vs.* Mayor of New York, 1 Dær, 406; Dupratt *vs.* Mayor, etc., 38 California, 691; Deford *vs.* The State, 30 Maryland, 179. The only connection the defendant had with the work was to furnish a trestle, track and motive power, and pay for the work. They did this, and the injuries were received by the plaintiffs by an improper use of the car, a disobedience of the orders of the defendant and the criminal negligence of Names and the employees themselves. After furnishing the motive power, it was used and controlled by Names and his employees, and not by the defendant. The injury did not result from any fault of the defendant, or any of its agents or employees. The trestle was sufficient, and so was the motive power—the injury resulted from no fault in this. To have justified a recovery against the defendant, it was necessary for the plaintiff to show some negligence or fault of some one for whose acts the company was responsible: Sterl *vs.* The Southeastern Railway Co., 32 Eng. L. and Eq., 367.

WHITTLE & GUSTIN; A. O. BACON, for defendant.

WARNER, Chief Justice.

This was an action brought by the plaintiffs against the defendant to recover damages for injuries done to them by the running of the cars of defendant, under the 2979th section of the Code. It appears from the evidence in the record that the defendant made a contract with one Names to fill up an embankment in East Macon for twenty cents per yard, the defendant to furnish track, trestle, cars, mules and driver. Names employed the plaintiffs to work on the embankment; the mules, car and driver were under the immediate control and direction of Names, the contractor, and while operating

the same for the purpose of filling up the trestle with dirt, the car on which the plaintiffs were, ran off, and the plaintiffs thereby were injured.   On the trial, the jury found a verdict for the plaintiffs.   A motion was made for a new trial, which was overruled and the defendant excepted.   In our judgment, under the law defining the liability of the defendant, as a railroad corporation or company, for damage done to persons by the running of the locomotives or cars, or other machinery of such company, the defendant was not liable, in damages, to the plaintiffs for the injury received by them, on the statement of facts contained in the record.   The plaintiffs were in the employ of Names, the contractor; under his supervision and direction, in the use and management of the mules, car and driver.   The fact that the defendant furnished the mules, car, driver and trestle, under the contract with Names to construct the embankment, did not make it liable for the negligence or carelessness of Names in operating and managing the same in the performance of *his contract*.   The defendant was not running its cars, within the meaning of the law defining its liability therefor, when the injury was done to the plaintiffs, but Names was running the car in the performance of his contract, made with the defendant, in the construction of the defendant's road, so that the defendant might run his cars thereon, under his own control and direction, and then the defendant would be liable for damage done to persons by the running of its locomotives, cars or other machinery thereon, unless it was made to appear that the company had exercised all ordinary and reasonable care and diligence.

Let the judgment of the Court below be reversed.