## JORDAN *vs.* CARTER.

[HAWKINS, Justice, being disqualified, having been of counsel, Hon. George Hillyer, Judge of the Atlanta Circuit, was designated by the governor to preside in his place.]

Where an affidavit of illegality alleged, in one ground, that the court had no jurisdiction because the defendant did not reside in the county, and in another, that a bill had been filed seeking to enjoin the levy, and that the application for injunction had been set for a hearing before the chancellor, by agreement with plaintiff's attorneys, on a day beyond the day of sale:

*Held,* that neither ground was good. The affidavit must distinctly negative all grounds of jurisdiction and all methods of service, and no injunction could be operative unless emanating from the chancellor.

HILLYER, Judge.

---

## SCOTT & KING *vs.* AYERS.

The only evidence which conflicts with the verdict was that of the parties defendant, who were witnesses materially interested. It is exclusively the province of the jury to determine the credit they will give to such testimony, and having rejected it as insufficient to overcome the case made by the plaintiff, and the court below being satisfied with the verdict, this court will not interfere.

HAWKINS, Justice.