16651. OCEAN ACCIDENT & GUARANTEE CORPORATION LIMITED *v.* HODGES.

The evidence authorized a finding that the relation of Hodges to the lumber company, under his contract to cut and haul logs for it at a stated sum per thousand feet, and to furnish the tools, teams, and

laborers necessary for the work, was not that of an independent contractor, but that of an employee; and the award of compensation, under the workmen's compensation act, was authorized.

DECIDED NOVEMBER 10, 1925.

Appeal; from Washington superior court—Judge Hardeman. May 28, 1925.

*Ralph G. Sims,* for plaintiff in error.

*Evans & Evans,* contra.

BROYLES, C. J.    This was a claim arising under the workmen's compensation act.    The only question to be decided is whether Hodges, the deceased, was an employee of the lumber company in question, or whether he was an independent contractor.    Upon the hearing of the claim before a member of the industrial commission the evidence showed that Hodges and the lumber company entered into an oral contract, under which Hodges was to cut and haul logs for the company at $5 per thousand feet.    He was to furnish the tools, teams, and laborers necessary for the work.    His name was put upon the company's pay-roll, but the names of the men he hired to assist him were not on the pay-roll, he paying them himself.    Hodges himself actually did the work of a laborer, cutting down and hauling the logs.    Evidence was also adduced (see pages 17, 24, and 33 of the record) which, together with the legal inferences and deductions arising therefrom, authorized a finding that the lumber company retained the right to direct Hodges, not only as to what work he should do, but how he should do it.

The commissioner, therefore, was authorized to find that the relation of master and servant existed between the lumber company and Hodges.    See, in this connection, Singer Mfg. Co. *v.* Rahn, 132 U. S. 518 (1) (33 L. ed. 440) ; 26 Cyc. 966.    It follows that the judge of the superior court did not err in affirming the judgment and award of the commissioner.

*Judgment affirmed.    Luke and Bloodworth, JJ., concur.*