17129.   IRVING *v.* HOME ACCIDENT INSURANCE COMPANY *et al.*

STEPHENS, J.   1. Where the owner of timber furnishes a sawmill and employs another person to saw the timber into lumber, and pays him a definite sum per thousand feet for the sawing, which sum is paid in advancements as the lumber is sawed, and where from the money advanced the person so employed pays all the help employed in the work, and the difference between the sum advanced and the expense of operating the sawmill constitutes his profits, and where he has exclusive power to control the help and to fix their compensation, and to hire and discharge the help at his discretion, and where he cuts and saws the lumber into merchantable products under specifications given to him from time to time by the owner as the owner receives orders for the lumber, and where he saws the trees into lumber of such dimensions as in his judgment the trees will make, he is not a servant of the owner, but is an independent contractor. *Zurich General Accident & Liability Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173). Where a laborer thus employed by the person operating the sawmill is injured in such a manner as would entitle him to compensation under the workmen's compensation act, he can not recover compensation from the owner of the sawmill.

2. Upon the hearing of a claim for compensation, filed by a laborer thus employed, against the owner of the sawmill, where it appeared from uncontradicted evidence that the employment was as above indicated,

---

Master and Servant, 39 C. J. p. 1316, n. 7; p. 1317, n. 11; p. 1319, n. 30; p. 1321, n. 67; p. 1322, n. 83.

' Workmen's Compensation Acts,—C. J. p. 50, n. 62; p. 118, n. 82.

the finding by the industrial commission, that the person operating the sawmill and who employed the claimant was a servant of the owner and an employing foreman, was not authorized by the evidence, and the award of compensation to the claimant was unauthorized by the evidence and contrary to law. The judge of the superior court properly set aside the award.

*Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED MARCH 5, 1927.

Appeal; from Stewart superior court—Judge Littlejohn. December 31, 1925.

*G. Y. Harrell, J. J. Dunham,* for plaintiff.
*Brock, Sparks & Russell,* for defendants.