17962. MARYLAND CASUALTY CO. et al. v. RADNEY.

From the evidence of the claimant for compensation, the industrial commission was authorized to find that, under his contract with the defendant lumber company, the company did not have or assume the

right to control the time and manner of his work of hauling logs to the company's mill, and that, therefore, the relation of employer and employee did not exist between the parties; the claimant testifying that he furnished his own truck and bore the expense of its operation, and that he worked such hours as suited him, chose his own route of travel, and received pay at a stipulated price per thousand feet of logs hauled. The judgment of the superior court, setting aside the commission's award, which denied compensation, was therefore erroneous.

DECIDED OCTOBER 14, 1927.

Appeal; from Laurens superior court—Judge Camp. January 15, 1927.

*Harris, Harris & Popper,* for plaintiff in error.

*J. S. Adams,* contra.

JENKINS, P. J. The only question to be decided is whether the claimant for compensation was an employee of the defendant lumber company, or was an independent contractor. He was engaged in hauling logs from a tract of timber to the mill of the lumber company. He testified that he furnished his own truck and bore the expense of its operation; that he worked such hours as suited him, chose his own route of travel, and received pay at a stipulated price per thousand feet of logs hauled; that the lumber company exercised no direction or control over his work, and that he was not directed as to what particular logs to haul or as to where to place them on reaching the company's mill. From this evidence the industrial commission was authorized to find that, under the contract, the lumber company did not have, or assume, the right to control the time and manner of executing the work, and that, therefore, the relation of employer and employee did not exist between the parties. *Zurich General Accident & Liability Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173). Such finding of the industrial commission being authorized, if not demanded, by the evidence, the judgment of the superior court setting aside the award denying compensation, was erroneous. The ruling here made is not in conflict with the ruling of this court in *Ocean Accident & Guarantee Corporation* v. *Hodges,* 34 *Ga. App.* 587 (130 S. E. 214), since it appears that in that case "evidence was also adduced which, together with the legal inferences and deductions arising therefrom, authorized a finding that the lumber company retained the right to direct Hodges, not only as to what work he should do, but how he should do it." In that case the

court properly recognized the rule that payment by piecework does not necessarily determine the character of the service (39 C. J. 1322, § 1523), but that the true test in determining whether one is engaged as a servant or occupies the status of an independent contractor ordinarily lies in the answer to the question whether or not the work is to be done according to the workman's own methods, without being subject to the employer's control except as to results to be obtained.

*Judgment reversed. Stephens and Bell, JJ., concur.*