*Parker & Parker, Ellis, Mitchell & Ellis*, contra.

19954. LOVE LUMBER COMPANY *v.* THIGPEN.

STEPHENS, J. 1. Although one is contracted with to cut timber at so much per thousand feet, and is not required by the contract to perform the work at any particular time, but is free to begin and cease work at his pleasure, and although in the performance of the contract he is required to cut the timber into various specified dimensions, but is permitted to do so in accordance with his own judgment as to the nature of the timber so as not to produce waste, yet where, under the direction of the other contracting party through an authorized agent, he is directed what timber to cut and how to cut it, and must cut it into specified dimensions when so directed, and where, together with other persons cutting timber, he is put into "drifts" and told "where to cut" timber, he is not employed solely to produce the result of cutting timber into specified dimensions according to his own judgment of the nature of the timber so as to prevent waste, but the other contracting party exercises control over the manner and method of the performance of the work. The person cutting the timber is not an independent contractor, but is a servant or employee, and is entitled, under the workmen's compensation act, to compensation from his employer for an injury sustained by him arising out of and in the course of his employment. This case

is distinguishable from *Zurich Liability Ins. Co.* v. *Lee*, 36 *Ga. App.* 248 (136 S. E. 173), *Irving* v. *Home Accident Ins. Co.*, 36 *Ga. App.* 551 (137 S. E. 105), and *Maryland Casualty Co.* v. *Radney*, 37 *Ga. App.* 286 (139 S. E. 832). See, in this connection, *Ocean Accident & Guarantee Corporation* v. *Hodges*, 34 *Ga. App.* 587 (130 S. E. 214).

2. Where an employee, while in the performance of the work in cutting timber, is injured by a tree falling on him and breaking his leg, the injury arises out of and in the course of his employment.

3. On the hearing before the industrial commission, where there was adduced evidence as indicated in paragraphs 1 and 2, the commission was authorized to find that the person employed to cut the timber was a servant or an employee, and that he received an injury which arose out of and in the course of his employment, and was entitled to compensation. The judge of the superior court did not err in affirming the award.    *Judgment affirmed. Jenkins, P. J., and Bell, J., concur.*

DECIDED SEPTEMBER 26, 1930.

*J. Wade Johnson,* for plaintiff in error.
*M. B. Calhoun, L. C. Underwood,* contra.

