26065. SCOTT *v.* MINOR *et al.*

DECIDED APRIL 19, 1937.

*Homer Beeland,* for plaintiff.
*C. W. Foy, Gilbert C. Robinson,* for defendants.
*M. C. Barwick, Casey Thigpen,* as amici curiæ.

SUTTON, J. Under the provisions of the workmen's compensation act (Code, § 114-710), an award of the full commission on

review shall "be a final award and shall be conclusive and binding as to all questions of fact; but either party to the dispute may . . appeal from the decision in such final award . . to the superior court . . in the manner hereafter outlined, and upon the following grounds, viz.: The party conceiving himself to be aggrieved may file an application in writing with the department, asking for an appeal from any such order or decree, stating generally the grounds upon which such appeal is sought." And provision is then made as to how the appeal is to be transmitted to the superior court. The statute specifies that the appeal is to be in writing, and it was evidently the intention and purpose of this enactment that such appeal be signed by some one authorized so to do. The award is conclusive and binding on the parties unless, on appeal to the superior court, it is set aside by the judge on some one or more of the grounds provided for in the statute. The application for appeal must be in writing, and must state generally the grounds on which the appeal is sought; and we think it necessarily follows that the same must be signed by the applicant, or his attorney, or some other authorized person, in order to give it validity and effect. Without being so signed it is irregular and incomplete, and, unless amended, is subject to be dismissed in the superior court on motion made for this purpose. Therefore the court erred in overruling the motion to dismiss the appeal on the ground that it was not signed. This, however, is an amendable defect; and if the same is properly amended in the trial court, that court is instructed to enter the same judgment on the merits of the case as formerly rendered, because we are of the opinion, after a careful examination of the record in this case and the law applicable thereto, that Alfred McCard, for whom the claimant, Easlon Scott, was working at the time of his injury, was an independent contractor, and that the claimant was not the servant or employee of the defendant, L. L. Minor, operating as the Butler Lumber Company; and that the award of the commission in favor of the claimant against said Minor was without sufficient competent evidence to warrant it.

The evidence is to the effect that the claimant, Easlon Scott, was employed by Alfred McCard, who operated a sawmill, and was injured by a tree falling on him while he was helping McCard repair the water-pump connected with the boiler at the sawmill;

that the defendant, L. L. Minor, under the trade-name of Butler Lumber Company, was operating a planing-mill at Butler, Georgia, and owned a tract of timber which he contracted with Fred Moon and Alfred McCard to cut and saw into lumber. McCard owned a sawmill and was to do the sawing, and Moon was to cut the logs and haul them to the mill, each to be paid $3 per thousand therefor, and each of these parties employed and paid for his own labor, and controlled the time, manner, and methods of his operations in cutting the timber and sawing the lumber. Minor retained no control over such operations, except to see that the timber was cut and sawed according to his contract with these parties; that is, he held Moon responsible for cutting the timber according to their contract, and likewise held McCard responsible for sawing and hauling the lumber to the planing-mill. Moon had three men employed in logging the mill. McCard had seven men working at the sawmill, and he delivered the lumber to the planing-mill after sawing it, and was paid $1 per thousand for hauling it. Minor had three or more men employed and working at his planing-mill. A tree cut by the employees of Moon fell on and broke the claimant's back while he was working at McCard's sawmill; and there was evidence as to the nature and extent of his injury and consequent disability.

"Under the Georgia statute and decisions, the test to be applied, in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract. *Zurich General Accident & Liability Insurance Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173)." *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (164 S. E. 901); *Cooper* v. *Dixie Construction Co.,* 45 *Ga. App.* 420 (2) (165 S. E. 152); *Bentley* v. *Jones,* 48 *Ga. App.* 587, 590 (173 S. E. 737). It was held in *Irving* v. *Home Accident Insurance Co.,* 36 *Ga. App.* 551 (1) (137 S. E. 105): "Where the owner of timber furnishes a sawmill and employs another person to saw the timber into lumber, and pays him a definite sum per thousand feet for the sawing, which sum is paid in advancements as the lumber

is sawed, and where from the money advanced the person so employed pays all the help employed in the work, and the difference between the sum advanced and the expense of operating the sawmill constitutes his profits, and where he has exclusive power to control the help and to fix their compensation, and to hire and discharge the help at his discretion, and where he cuts and saws the lumber into merchantable products under specifications given to him from time to time by the owner as the owner receives orders for the lumber, and where he saws the trees into lumber of such dimensions as in his judgment the trees will make, he is not a servant of the owner, but is an independent contractor. *Zurich General Accident & Liability Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173). Where a laborer thus employed by the person operating the sawmill is injured in such a manner as would entitle him to compensation under the workmen's compensation act, he can not recover compensation from the owner of the sawmill."

Under its facts, the case at bar is controlled by the rulings in *Irving* v. *Home Accident Insurance Co.,* supra, *Zurich General Accident & Liability Insurance Co.* v. *Lee,* supra, *Quinan* v. *Standard Fuel Supply Co.,* 25 *Ga. App.* 47 (102 S. E. 543), *Lamb* v. *Fulton Bag & Cotton Mills,* 26 *Ga. App.* 572 (106 S. E. 607), *Cooper* v. *Dixon Construction Co.,* supra, *Bentley* v. *Jones,* supra, and *Bibb Manufacturing Co.* v. *Martin,* 53 *Ga. App.* 137 (185 S. E. 137), instead of by *Davis* v. *Starrett,* 39 *Ga. App.* 422, 427 (147 S. E. 530), *Love Lumber Co.* v. *Thigpen,* 42 *Ga. App.* 83 (155 S. E. 77), *Home Accident Insurance Co.* v. *Daniels,* 42 *Ga. App.* 648 (157 S. E. 245), *Taylor* v. *Lumbermen's Mutual Casualty Co.,* 43 *Ga. App.* 292 (158 S. E. 623) and *Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262 (175 S. E. 265).

*Judgment reversed, with direction. Stephens, P. J., and Felton, J., concur.*