26972. INGRAM v. PARRISH et al.

DECIDED OCTOBER 1, 1938.

*E. L. Fowler, Ben H. Berry, Joel H. Terrell,* for plaintiff.

*Casey Thigpen, M. C. Barwick, M. Cook Barwick,* for defendants.

FELTON, J. Emmie Ingram filed a claim with the Department of Industrial Relations for compensation from Earle Parrish, for the death of her husband while in the employ of said Parrish. At the hearing of said claim the evidence developed that Parrish did not employ enough men to come under the terms of the workmen's compensation act, and R. T. Allen was made a party to the claim. The evidence as to R. T. Allen is to the effect that he employed more than ten men at his planing mill at Wrens, Georgia; that he owned what was known as the Harold tract of timber; that he had a contract with Parrish for sawing said timber; that Parrish was to saw the timber and was to receive $6 per thousand feet at the sawmill and $8 per thousand feet delivered at the planing-mill yard; that Allen advanced to Parrish money from time to time; that as the timber was cut, credit would be placed to Allen's account for part of it, and cash would be paid for the balance; that Parrish would cut the timber of the sizes set out in the contract of purchase between Allen and the seller, and that Allen would direct him as to what size boards to cut it into; that Allen did not direct as to when the timber was to be cut, but Parrish had two years to carry out the contract; that Parrish owned his sawmill and his trucks, and Allen had no interest therein; that Allen had no authority to control the time, manner, or means of sawing and hauling the timber, and had no right to and did not exercise any authority as to whom and what men were employed by Parrish.

We think that under this state of facts the evidence discloses that Parrish was an independent contractor. *Scott* v. *Minor,* 55 *Ga. App.* 714 (191 S. E. 263), and cit. In view of this ruling it is unnecessary to go into the other rulings of the Industrial Board. The judgment of the superior court affirming the denial of compensation is

*Affirmed. Stephens, P. J., and Sutton, J., concur.*