## 28699. MAUNEY *v.* COLLINS.

DECIDED FEBRUARY 6, 1941.

*Hubert F. Rawls, C. J. Cogdell,* for plaintiff.
*Kirkland & Kirkland,* contra.

GARDNER, J. This is a claim for industrial compensation. The plaintiff filed his claim originally against E. B. Slaton, doing business as Slaton Lumber Company, and Gordon Collins and Roy Cardell, defendants. The appeal to the superior court was from an award of a director of the Industrial Board against Gordon Collins.

The evidence discloses that E. B. Slaton contracted with Gordon Collins for cutting, logging, sawing, and delivering timber in Brantley County, Georgia. According to orders furnished by Slaton to Collins, Collins was to have the logs manufactured into lumber and delivered to different points for $12.50 per thousand. Collins in turn contracted with Roy Cardell to saw the logs hauled to the mill by Collins in compliance with orders furnished by Slaton, and to load the lumber on trucks furnished by Collins. Collins furnished the sawmill and agreed to pay Cardell $3.50 per thousand feet for this service. The claimant was injured while working as a laborer around the mill during the operation of this arrangement. The evidence shows that Cardell hired and discharged all the labor, and that he repaired and paid for the upkeep of the mill, except those items which it was necessary to take off the premises for repair, and that he paid all the labor. The claimant and others testified that Mr. Collins gave orders around the mill and directed the workers in their work. They figured he was boss because he owned the mill. Collins and Cardell testified, in sub-

stance, that there was an oral contract between them whereby Cardell was to saw the timber into lumber and load it for $3.50 per thousand, and that while Collins did, on occasions, tell the laborers to do some needed things, Cardell was responsible for the sawing of the lumber, employing and discharging the hands and paying them, and seeing that the lumber was cut from the logs put to the mill by Collins into such orders as were furnished by Collins, and that as the lumber was so cut Collins paid Cardell $3.50 per thousand, according to the oral contract between them. The only question to be determined is, who is liable to the claimant for his injury? It is admitted by both parties that Slaton is an independent contractor. The director found in favor of the claimant against Collins. The case was not appealed from the decision of the director to the board, but to the superior court by Collins. The judge reversed the award on the ground that Cardell was an independent contractor and was liable to the claimant and hence Collins was not liable, and this judgment comes here for review.

Under the facts the judge did not err in reversing the finding of the director. Cardell was an independent contractor. "Under the Georgia statutes and decisions the test to be applied in determining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (2) (164 S. E. 901). "A railroad company is not liable for injuries sustained by laborers in the employ of a contractor who was working for said company, though it may have furnished implements and materials for the performance of such work." *Central Railroad & Banking Co.* v. *Grant,* 46 *Ga.* 417. See also *Zurich General Accident &c. Insurance Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173). In *Irving* v. *Home Accident Insurance Co.,* 36 *Ga. App.* 551 (137 S. E. 105), it was said: "Where the owner of timber furnishes a sawmill and employs another person to saw the timber into lumber, and pays him a definite sum per thousand feet for the sawing, which sum is paid in advancements as the lumber is sawed, and where from the money advanced the person so employed pays all the help employed in the,

332

work, and the difference between the sum advanced and the expense of operating the sawmill constitutes his profits, and where he has exclusive power to control the help and to fix their compensation, and to hire and discharge the help at his discretion, and where he cuts and saws the lumber into merchantable products under specifications given to him from time to time by the owner as the owner receives orders for the lumber, and where he saws the trees into lumber of such dimensions as in his judgment the trees will make, he is not a servant of the owner, but is an independent contractor. . . Where a laborer thus employed by the person operating the sawmill is injured in such a manner as would entitle him to compensation under the workmen's compensation act, he can not recover compensation from the owner of the sawmill." The court further said: "Upon the hearing of a claim for compensation, filed by a laborer thus employed, against the owner of the sawmill, where it appeared from uncontradicted evidence that the employment was as . . indicated, the finding by the industrial commission, that the person operating the sawmill and who employed the claimant was a servant of the owner and an employing foreman, was not authorized by the evidence, and the award of compensation to the claimant was unauthorized by the evidence and contrary to law. The judge of the superior court properly set aside the award."

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*