**DE BORD v. PROCTOR & GAMBLE DISTRIBUTING CO.**

**No. 422.**

District Court, N. D. Georgia,
Rome Division.

Oct. 30, 1943.

Arnold Gambrell & Arnold, of Atlanta, Ga., and Rosser & Rosser, of La Fayette, Ga., for plaintiff.

Wright, Willingham & Fullbright, of Rome, Ga., for defendant.

RUSSELL, District Judge.

In this case the only material question for consideration involves determination of whether under the evidence the operator of the automobile was a servant of the defendant or the employee of an independent contractor. In other words, whether the defendant was liable for the negligence of the operator of the automobile or whether such negligence was properly attributable only to the operator and his employer who had been engaged by the defendant to transfer the truck for it.

Plaintiff's suit was predicated upon his contention that the truck was owned by the defendant and being used by it through Arleigh Scott and was in the course of being transferred by the defendant from Rome, Georgia, to points outside of Georgia under the immediate direction and control of the defendant in the course of and in the scope of the defendant's business. In substance his proof in support of such contention consisted of evidence that the truck was owned by the defendant and carried its advertising signs on the outside and advertising matter on the inside, and the presumption of law claimed to arise therefrom that the operator of the truck was the servant of the defendant and in its employ. Reliance is also had upon proof that the defendant, after the collision, agreed to pay storage charges upon the truck and did remove the truck involved in the accident afterwards, and that neither the White Star Transit Company nor the driver of the truck participated any further in the delivery thereof following the accident. The evidence for the defendant was to the effect that it desired to transfer a station wagon automobile from Cincinnati to Rome and return a truck from Rome to Cincinnati, and that believing it more economical it contracted with the White Star Transit Company, a business in which it is not shown to be in anywise concerned, but which was engaged in the motor carrier business, to move the cars for it under an agreement by which it was to pay five cents per mile for the transfer of the station wagon to Rome and a like price for the transfer of the truck from Rome to Cincinnati. The White Star Transit Company selected the driver, had its own trade with him and gave him instructions as to the places from and to which the automobile and truck were to be moved. While reference is made to a bill of lading, no writing was introduced nor does it appear that any writing was given the defendant. The White Star Transit Company was not authorized by the Interstate Commerce Commission or the Georgia Public Service Commission to carry on its business in Georgia, but this was not known to the agent of the defendant who negotiated the transaction for the transfer of the truck. Delivery of the truck was secured from an employee of the defendant in Rome.

The driver testified that he received no instructions from the defendant and knew only the White Star Transit Company, for whom he regularly worked as a driver, in the transaction. The White Star Transit Company was adjudicated a bankrupt some two months after the collision.

At the conclusion of the evidence, the defendant moved for a directed verdict on the ground that the evidence showed without contradiction that the operator of the truck at the time of the injury of plaintiff was not the servant or employee of the defendant but the servant of an independent contractor for whose negligence, if any, defendant was not liable. It was conceded by defendant's counsel that the question was one of law and not for submission to the jury. The Court reserved decision on the motion for a directed verdict under the rules and submitted the case to the jury on the question of negligence and extent of injury alone without submission of any question of master and servant or independent contractor. The jury found in favor of the plaintiff in the amount of eight thousand dollars, and the defendant renewed the motion for a directed verdict, or in the alternative, that a new trial be granted.

▮ In case of any conflict in testimony, determination of the character of the relationship, whether master and servant, or employer and independent contractor, is usually for the jury, but where the evidence is without conflict the question is one for determination by the Court. It appears that such is the case in the present instance.

▮ It was incumbent on the plaintiff to prove that the operator of the truck was the agent or servant of the defendant, and the facts relied upon by him to establish this fact are not in the least inconsistent with the testimony of the defendant as to the arrangements under which the truck was being operated. In these circumstances the presumptions relied upon fall and in effect fail to present any conflict with the direct testimony. Royal Undertaking Co. v.

Duffin, 57 Ga.App. 760, 196 S.E. 208, and citations; Hodges v. Seaboard Loan & Savings Ass'n, Inc., 61 Ga.App. 443, 6 S.E 2d 133; Hodges v. Ocean Accident & Guarantee Corporation, 66 Ga.App. 431 (4), 18 S.E.2d 28.

■ "The employer generally is not responsible for torts committed by his employee when the latter exercises an independent business, and in it is not subject to the immediate direction and control of the employer." Georgia Code, section 105-501. The distinction between master and servant and employer and independent contractor is well set forth in Restatement, Agency, Section 2. An independent contractor is there defined as "a person who contracts with another to do something for him but who is not controlled by the other nor subject to the other's right of control with respect to his physical conduct in the performance of the undertaking." Under the Georgia statute and decisions, the test to be applied in determining whether the relationship of the parties is that of employer and servant or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner and method of executing the work, as distinguished from the right merely to require certain definite results in conformity with the contract. Scott v. Minor, 55 Ga.App. 714 (2), 191 S.E. 263, and citations.

It is true that there are other circumstances which may assist in determining the relationship, but the right to control the time and manner of executing the work is the primary feature of the contract to be considered. See Cooper v. Dixie Const. Co., 45 Ga.App. 420, 165 S.E. 152, and citations; Zurich General Accident Liability & Ins. Co. v. Lee, 36 Ga.App. 248, 136 S.E. 173. The direct evidence for the defendant clearly shows that the defendant had no right of control of the White Star Transit Company or its employees, nor did it assume such control, and there are no circumstances in evidence which contradict or are inconsistent with this direct evidence.

■ Upon consideration of the evidence it appears that under the arrangement made between the defendant and the White Star Transit Company, the White Star Transit Company was an independent contractor, and that the operator of the truck at the time of the collision was not the agent or servant of the defendant for whose negligence it was liable. Georgia Code, § 105-

501. Compare Graham v. Cleveland, 58 Ga. App. 810, 200 S.E. 184, and citations; Simril v. Davis, 42 Ga.App. 277, 155 S.E. 790; Yearwood v. Peabody, 45 Ga.App. 451, 164 S.E. 901, and citations.

A case involving substantially the same state of facts as here presented, except that the independent contractor was not engaged in the business of a motor carrier, is Brooks v. Johnson, 22 Cal.App.2d 618, 72 P.2d 194. In that case it was determined that the owner of the automobiles being driven was not liable for the negligence of an independent contractor whom the owner employed to deliver automobiles for him.

■ Plaintiff's contention that there can be no independent contractor where the contract under which it operates is invalid, as is assumed in this case because of the fact that the White Star Transit Company had not complied with either the State or Federal laws authorizing it to operate in Georgia, is not supported by authority. See 39 C.J. page 1323, section 1527, and citation. Nor is the defendant liable under the terms of subsection 4 of section 105-502 of the Georgia Code, which provides that the employer of a contractor shall be liable for his negligence "if the wrongful act is the violation of a duty imposed by statute." "The wrongful act" relied upon in this case is the parking of the truck within less than eight feet of the center of the highway, and the failure to have proper lights. So far as the parking is concerned, the duty, if it could properly be so denominated, is not on the owner but upon the operator. Georgia Code, section 68-314. In this case, while there is a conflict in the evidence as to whether the lights were burning, there is no evidence whatever that the automobile was not equipped with lights of the character and quality required by the statute, so it is unnecessary to determine whether the provisions of the Georgia statute impose such a duty upon the owner of the vehicle rather than upon the operator. The circumstances are therefore entirely different from those considered in Wilson v. White, 71 Ga. 506, 51 Am.Rep. 269, relied upon by the plaintiff.

It has been determined by a Georgia case that the failure of a motor carrier to comply with the Federal Motor Carrier Act, 49 U.S.C.A. § 301 et seq., does not render a contract for transportation by such a carrier unenforceable. Kingman Distributing Co. v. Davis, 64 Ga.App. 764, 14 S.E.2d 242. If an unlicensed carrier can recover for a

breach of contract of carriage, certainly the employment of such a carrier would not under the Georgia law thus construed, and which is applicable here, render the employer of such an unlicensed carrier, who is not shown to have had knowledge of such lack of license, liable for the acts of negligence of the servants of such employed carrier. It has been held that a shipper has no duty to ascertain whether a motor carrier has complied with the State Motor Carrier Act, and consequently the fact that the carrier had failed to comply with the provisions of the Motor Carrier Act before proceeding to haul as an independent contractor would not render the shipper liable. Marion Machine, etc., Co. v. Duncan, 187 Okl. 160, 101 P.2d 813.

The ruling in Venuto v. Robinson, 3 Cir., 118 F.2d 679, and similar cases, which are relied on by the plaintiff, are not applicable here. In that case the obligation of obtaining a license and conducting a business in accordance therewith, was imposed upon the person sought to be held liable, that is, the licensed carrier. Thus in such an instance, the carrier, being permitted to operate only under license, was held liable even for the negligence of an independent contractor upon the theory that it could not delegate its licensed functions to an unlicensed carrier and shield itself of liability by reason of such employment. In the present case, the defendant in the exercise of its privilege as a non-resident to operate the truck on the highways of Georgia for a period of thirty days in its own business without Georgia registration and license, Georgia Code, § 68-221, was not operating under such a license as is involved in the case of the grant of a franchise, and the existence of such a privilege did not prevent it from delegating the right of removal of the truck to the independent contractor, just as it could have had it removed by its servant.

No ruling is required upon any other ground urged by the defendant in support of its motion for directed verdict or motion for new trial. No substantial exceptions were presented during the trial, and solely because required by the conclusion reached that the evidence, as a matter of law, fails to establish liability of the defendant to plaintiff should the verdict of the jury be set aside.

■ Having determined that the evidence showed without dispute that the relationship of employer and independent contractor existed between the defendant and the White Star Transit Company, and that no circumstances exist which would authorize the imposition of liability upon the defendant for the acts of negligence of such independent contractor, it follows that the motion of the defendant for a directed verdict should be sustained, and a verdict should be directed in favor of the defendant, and the verdict of the jury heretofore rendered should be set aside.