## 34776. BURNETT *v.* KING.

Decided September 19, 1953.

*John D. Edge,* for plaintiff in error.

*Ingram & Tull,* contra.

TOWNSEND, J. ■ Counsel for the claimant properly contends that, both under general law and the rules of the Board of Workmen's Compensation, decisions cannot be made upon affidavit in such manner as to preclude the opposite party from his right to cross-examine witnesses. However, his further contention that the Board of Workmen's Compensation so acted, and reversed the findings of the deputy director upon the affidavits attached as exhibits to the appeal, instead of remanding the case for the taking of further testimony, is not supported by the record. The decision of the board recites that it has reviewed all of the *evidence* in the case, and that a preponderance of such evidence demands a finding that Silvers was not an employee. The affidavits were not evidence in the case, and there is nothing to raise the inference that they were treated as such. The evidence, although conflicting, amply supports the proposition that Silvers was not an employee at the time of the injury. The claimant's brother did not name him as such; the documentary evidence does not carry his name, and the employer's inclusion of him at one point in the testimony appears to have been a slip of the tongue which was elsewhere corrected. The full board may review the evidence taken before a single director and, based thereon, reverse the award in whole or in part, and its findings of fact, when supported by any competent evidence, are binding upon the courts. Code § 114-708; *Etheridge* v. *Liberty Mutual*

*Ins. Co.,* 86 *Ga. App.* 369 (2) (71 S. E. 2d 526) ; *Fralish* v. *Royal Indemnity Co.,* 53 *Ga. App.* 557 (2) (186 S. E. 567). The finding of fact in this case to the effect that Silvers was not an employee is supported by the evidence in the record.

■ It is further contended that T. W. Harkins was an employee of the defendant, and in fact he denominated himself as such. However, the uncontradicted testimony showed that Harkins worked under an arrangement with the defendant by which Harkins employed his own helpers, and cut logs for a stated price per thousand; that, using his crew, he also worked for other persons; that he hired his timber cutters and paid them by the day; and that some logs were cut to the defendant's specifications and, as to others, he used his own judgment. In *Irving* v. *Home Accident Ins. Co.,* 36 *Ga. App.* 551 (1) (137 S. E. 105), it was held: "Where the owner of timber furnishes a sawmill and employs another person to saw the timber into lumber, and pays him a definite sum per thousand feet for the sawing, which sum is paid in advancements as the lumber is sawed, and where from the money advanced the person so employed pays all the help employed in the work, and the difference between the sum advanced and the expense of operating the sawmill constitutes his profits, and where he has exclusive power to control the help and to fix their compensation, and to hire and discharge the help at his discretion, and where he cuts and saws the lumber into merchantable products under specifications given to him from time to time by the owner as the owner receives orders for the lumber, and where he saws the trees into lumber of such dimensions as in his judgment the trees will make, he is not a servant of the owner, but is an independent contractor." See also *Zurich Gen. Accident &c. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173), and *Maryland Casualty Co.* v. *Radney,* 37 *Ga. App.* 286 (139 S. E. 832). In *Love Lumber Co.* v. *Thigpen,* 42 *Ga. App.* 83 (155 S. E. 77), a similar case in which the holding was to the contrary, these cases were held distinguishable. The relation of master and servant was also held to exist in *Ocean Accident & Guarantee Corp.* v. *Hodges,* 34 *Ga. App.* 587 (130 S. E. 214). In all of these workmen's compensation cases, judgments of affirmance were supported. The dividing line between the independent contractor and the master-servant relationship is often

thin and tenuous. It appears in the present case that there was a definite contract, or rather, a series of them—at one point a new agreement was reached for a thousand feet of lumber, and at another the defendant, who had furnished the equipment, appears to have agreed to pay repairs himself, although repairs were in the first instance to have been paid by Harkins. There is sufficient evidence to support the finding of the full board that Harkins was an independent contractor, and it is obvious that the board came to this conclusion when it determined, "after reviewing all the evidence in the case," that the employer did not have as many as ten employees. This is a sufficient finding of fact, and the award is not objectionable on the ground that it does not contain a sufficient statement of facts.

The judge of the superior court did not err in affirming the award of the full board, which denied compensation to the claimant.

*Judgment affirmed. Gardner, P.J., and Carlisle, J., concur.*