37863.   CAMPBELL *v.* TRAVELERS INSURANCE
COMPANY *et al.*

NICHOLS, Judge.   1. "Triors of fact are not compelled to accept the sworn version of a witness to a particular fact, much

less the witness's construction of a contract, if there are facts and circumstances proven from which a contrary conclusion may be reached. *Scott & King* v. *Ayers,* 66 *Ga.* 254. 'Nor is the Department of Industrial Relations bound in every case to accept the literal statements of a witness before it merely because such statements are not contradicted by direct evidence. Implications inconsistent with the testimony may arise from the proved facts; and in still other ways the question of what is the truth may remain as an issue of fact despite uncontradicted evidence in regard thereto.' *Cooper* v. *Lumbermen's Mutual Cas. Co.,* 179 *Ga.* 256, 260 (175 S. E. 577)." *Malcom* v. *Sudderth,* 98 *Ga. App.* 674, 686 (106 S. E. 2d 367).

2. " 'Where one is employed generally to perform certain services for another, and there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method, and means of the performance of the contract, and that the employee is not an independent contractor.' [*Mitchem* v. *Shearman Concrete Pipe Co.,* 45 *Ga. App.* 809 (1) 165 S. E. 889]." *Malcom* v. *Sudderth,* 98 *Ga. App.* 674, 687, supra.

3. " 'In order for one to be an independent contractor so as to be outside the protection of the workmen's compensation act, the contract of employment must itself be one, which contemplates a definite beginning, continuance, and ending.' [99 C. J. S. 342, § 99 (55)]". *Malcom* v. *Sudderth,* supra, p. 686.

4. "The law does not permit the employer, simply by designating certain of his employees independent contractors, to by-pass the workmen's compensation law, and this is true, although the employer may bona fide believe that the end referred to may be accomplished in the manner mentioned." *Malcolm* v. *Sudderth,* supra, p. 685.

5. " 'In determining the real character of a contract, courts will always look to its purpose, rather than to the name given it by the parties.' *Hays* v. *Jordan,* 85 *Ga.* 741, 748 (11 S. E. 833, 9 L. R. A. 373)." *Malcom* v. *Sudderth,* supra, p. 685.

6. Applying the above law to the facts in the present case the finding was authorized by the evidence that St. Regis Paper Company purchased the right to cut pulpwood timber from the land of Valene Bennett and then employed Bennett-Nixon Timber Company, a corporation, to cut the pulpwood timber

from such land paying a price per cord for the timber actually cut, less a stumpage charge (the same price paid by it to Valene Bennett), that Bennett-Nixon Timber Company employed other persons to do the job of cutting the timber into pulpwood, hauling it and loading it on cars in Alma, Georgia, that these persons then employed "laborers," such as the claimant, to do the manual labor, that the paper company marked the trees to be cut, gave instructions as to how much was to be cut each week, which instructions were passed down from the paper company, through the timber company, to the eventual laborers, that these instructions also described the pulpwood to be cut, that the paper company could have stopped the timber company from cutting timber on the land at any time, which meant the paper company could have controlled the employment of all persons shown above, and that therefore the paper company, under the circumstances of the case sub judice had the right to control the time, manner, and method of doing the work and as such was the claimant's employer within the meaning of the Workmen's Compensation Act.

7. Therefore, since it is undisputed in the present case that the claimant did receive an injury as the result of an accident arising out of and in the course of his employment, the judgment of the Superior Court of Bacon County reversing the award of the State Board of Workmen's Compensation must be reversed, inasmuch as neither the superior court nor this court has authority to reverse an award of compensation by the State Board of Workmen's Compensation which is supported by any competent evidence.

*Judgment reversed. Gardner, P. J., Carlisle and Quillian, JJ., concur. Felton, C. J., and Townsend, J., dissent*

DECIDED NOVEMBER 25, 1959—REHEARING DENIED DECEMBER 17, 1959.

*J. Laddie Boatright, J. W. Story*, for plaintiff in error.

*Bennett, Pedrick & Bennett, Memory, Barnes & Memory*, contra.

FELTON, Chief Judge, dissenting. In my opinion there is no evidence in this case authorizing the finding that the St. Regis Paper Company had or exercised the right of control of the

856

time and manner in which the Bennett-Nixon Timber Company performed its services under its contract with the St. Regis Paper Company. The Bennett-Nixon Timber Company is a corporation engaged in a business separate and distinct from that of the St. Regis Paper Company and the fact that the St. Regis Paper Company had the right to mark the trees to be cut and to direct how much was to be cut each week does not include the authority to control the time and manner of the cutting of the pulpwood trees. I do not think that the cases cited in the opinion by Judge Nichols are authority for the ruling in this case. The cases are clearly distinguishable on their facts. One distinction is that we would not have involved a separate corporation in an independent business. In my opinion the following cases control this case. *Scott* v. *Minor*, 55 *Ga. App.* 714 (191 S. E. 263); *Irving* v. *Home Accident Ins. Co.*, 36 *Ga. App.* 551 (137 S. E. 105); *Alexander-Bland Lumber Co.* v. *Jenkins*, 87 *Ga. App.* 678 (75 S. E. 2d 355); *Banks* v. *Ellijay Lumber Co.*, 59 *Ga. App.* 270 (200 S. E. 480); *Mauney* v. *Collins*, 64 *Ga. App.* 330 (13 S. E..2d 97); *Employers Liability Assurance Corp.* v. *Smith*, 86 *Ga. App.* 230 (71 S. E. 2d 289). Furthermore, I do not think that the evidence authorizes a finding that there was any collusion on the part of the St. Regis Paper Company to circumvent the provisions of Code § 114-111. Whether the Bennett-Nixon Timber Company was the employer of the claimant is not for determination at this time.

Townsend, J., concurs in the foregoing dissent.