55352. TECT CONSTRUCTION COMPANY, INC. v. FRYMYER et al.
55353. FRYMYER v. TECT CONSTRUCTION COMPANY, INC. et al.
55354. McGEE v. FRYMYER et al.
55355. FRYMYER v. McGEE et al.

BIRDSONG, Judge.

The interlocutory appeals in this case arise out of the denial of summary judgments. The facts show that the Atlanta Housing Authority contracted with Monroe Nurseries for some site grading. Monroe subcontracted with T. E. Driskell Grading Co. to perform grading, grubbing and dirt removal. Driskell in turn subcontracted with Tect Construction Co., Inc. to perform

the grading.

Tect Construction was owned individually by Driskell and another. Driskell as T. E. Driskell Grading Co. subcontracted with his son-in-law, Johnson, to supervise the grading work. Johnson then subcontracted with W. F. Black Grading Co. for the specific use of Black's employee Frymyer, whom Johnson knew to be an exceptionally well qualified bulldozer operator. Driskell, on behalf of Tect Construction, subcontracted with McGee as a sole owner and operator of a dump truck to haul and compact dirt on the site. While compacting fill with his dump truck, McGee backed the truck into a telephone pole on the site pinning Frymyer's arm and causing serious injury. Frymyer received workmen's compensation from his employer, Black, and sued McGee as a third-party tortfeasor. McGee, with permission of the trial court, interpleaded Tect Construction Co. as a third-party defendant, contending that Tect Construction did not exercise reasonable care to protect its invitees (the independent contractors or employees) from dangers on the work site. McGee sought summary judgment on the ground that he and Frymyer were engaged in the same endeavor, i.e., the grading and filling of a site for the Atlanta Housing Authority and were both ultimately employed by the same employer, Tect Construction. It is McGee's contention that Ga. L. 1920, p. 176; 1922, pp. 929, 930; 1974, pp. 1143, 1144 (Code Ann. § 114-103) bars an employee from bringing an action against a third-party tortfeasor where the tortfeasor is an employee of the same employer as the injured employee. Frymyer sought summary judgment under the provisions of the same Code section, contending that McGee, as an independent contractor was a third-party tortfeasor and not a co-employee. Tect Construction urges that it is not liable as a third-party defendant because it owed no duty to McGee or Frymyer which has been violated negligently so as to render Tect Construction liable as a joint tortfeasor. The trial court denied all motions for summary judgment concluding there were issues of material fact as to whether McGee and Frymyer were fellow employees of Tect Construction engaged in common employment within the contemplation of Code Ann. § 114-103. *Held:*

1. Inasmuch as the same facts control the issues in all four interlocutory appeals, we will consider these appeals as one case. In case no. 55352, Tect Construction urges error in the denial of its summary judgment. In respect to the duty owed by a general contractor to maintain safety regulations or conduct its business so as to protect employee-invitees on the construction site, we accept as controlling the rule announced by this court in *Batson-Cook Co. v. Shipley,* 134 Ga. App. 210, 212 (214 SE2d 176): "The duty of ordinary care that a patron owes to his invitees is the same duty of ordinary care in keeping the premises safe which a master owes to his servant. *Elrod v. Ogles,* 78 Ga. App. 376 (50 SE2d 791). In either case, two elements must exist in order to merit recovery: fault on the part of the owner, and ignorance of the danger on the part of the invitee. Accordingly, the duty which a general contractor. . .owes the subcontractor is to exercise the care of an ordinarily prudent person to prevent him from being exposed to a hazard or hazards other than those that ordinarily attend a person's presence on premises where a building is under construction. *Braun v. Wright,* 100 Ga. App. 295 (111 SE2d 100). . . 'The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known conditions.' *Rogers v. Atlanta Enterprises,* 89 Ga. App. 903, 906 (81 SE2d 721)."

In this case, grading was being conducted in an open field. There were three clearly visible poles carrying a power line through the area. There were many construction vehicles operating in the area, including bulldozers, dump trucks and compactors. These vehicles were constantly being operated in all directions as a part of the grading operation. Frymyer, while taking a break, leaned against one of the poles while watching the operation of a piece of equipment across the road. Although he was aware of the compacting activities of McGee in the immediate vicinity, Frymyer's back was to

McGee's truck.

We are not here confronted with a hidden danger known to the proprietor but unknown to the invitee. See *Chambers v. Peacock Const. Co.,* 115 Ga. App. 670 (155 SE2d 704). Similarly, the operation of the dump truck in the grading area was a routine activity, and the power pole, standing alone, presented no hazard. There being no duty to exercise extraordinary care, there is no liability for an injury resulting to an invitee from a danger best known to the invitee who assumes the obvious risks and dangers inherent in the known circumstances (*Rogers v. Atlanta Enterprises,* supra). It follows that the trial court erred in denying summary judgment to the third-party defendant Tect Construction Co.

2. In cases 55353, 55354, and 55355, the issue raised is whether McGee and Frymyer were co-employees of the same employer or whether McGee and Frymyer were independent contractors and thus not subject to the limitation contained in Code Ann. § 114-103. In the case of Frymyer there may be an issue as to whether Frymyer was the employee of an independent contractor, Black, or a loaned servant to Tect Construction Co. In view of our disposition of the first issue (i.e., the question of co-employment) we need not answer the question of the status of Frymyer as a loaned servant.

As we view the evidence, there can be no dispute that McGee was an independent contractor. He owned his own equipment. He operated it without supervision. He was not subject to social security or income tax deductions. While the supervisor retained the right to insist upon the final result, he did not control the means by which the final result was obtained. Both McGee himself and Tect Construction Co. considered McGee to be an independent contractor. These facts fall within the classic definition of an independent contractor. *Simpkins v. Unigard Mut. Ins. Co.,* 130 Ga. App. 535, 538 (203 SE2d 742); *Banks v. Ellijay Lumber Co.,* 59 Ga. App. 270, 272 (200 SE 480).

Nevertheless, McGee urges that decisions from foreign jurisdictions hold that one should look to the practicalities of the situation. He urges that Tect Construction directed the grading operations through its

supervisor Johnson, that both McGee and Frymyer were subject to the control of Johnson, that both men were paid by Tect whether directly or indirectly, that both men were engaged in the same project, i.e., the grading and filling of a site for the Atlanta Housing Authority, and thus both men ultimately were employed by Tect Construction Co. within the contemplation of Code Ann. § 114-103.

We cannot accept this analysis of Code Ann. § 114-103. The statute in question has as its basic purpose the preclusion of other remedies where the injured workman is entitled to recover workmen's compensation. The exception is that an on-the-job injury is not so limited where the injury is the result of the negligence of a third-party tortfeasor. But the statute consistently provides that a fellow "employee" may not be considered a third-party tortfeasor. Where, as in this case, the evidence shows that Tect Construction and McGee occupied the status of employer and independent contractor, such evidence precludes the relation of employer and employee as between Tect Construction and McGee. *Zurich Gen. Acc. &c. Co. v. Lee,* 36 Ga. App. 248 (136 SE 173); *Maryland Cas. Co. v. Radney,* 37 Ga. App. 286, 287 (139 SE 832). See *Burnett v. King,* 88 Ga. App. 771, 774 (77 SE2d 772). Thus, while it might be argued that Frymyer and Tect Construction were in a master-servant (i.e., employer-employee) relationship, such a relationship did not exist between McGee and Tect Construction. It follows that McGee and Frymyer were not "employees" of the same employer. As between McGee and Frymyer it was legally possible therefore and within the contemplation of Code Ann. § 114-103 for McGee to occupy a third-party relationship to Frymyer.

We conclude, however, that the trial court did not err in denying summary judgment as between McGee and Frymyer. Though there was no issue of common employment (the reason assigned by the trial court), there were issues involving liability, negligence and assumed risk. We will apply that rule of law that a judgment right for any reason will be affirmed by the appellate court. *Hill v. Willis,* 224 Ga. 263, 267 (161 SE2d 281); *Cannon v. Macon Fire &c. Pension Bd.,* 137 Ga. App. 803, 804 (224 SE2d 851).

*Judgment in no. 55352 reversed with direction that summary judgment be entered in favor of Tect Construction Co. Judgments in nos. 55354 and 55355 affirmed. Case no. 55353 is the cross appeal filed by Frymyer to the appeal filed by Tect Construction. For the reasons stated in Division 1 of this decision, the judgment in 55353 is reversed with the same direction as contained in 55352. Bell, C. J., and Shulman, J., concur.*

ARGUED JANUARY 31, 1978 — DECIDED APRIL 28, 1978 — REHEARING DENIED JUNE 20, 1978 — 

*Kaler, Lefkoff, Pike & Fox, George M. Fox, David I. Funk,* for appellant (Case no. 55352).

*Jack Dorsey, Hurt, Richardson, Garner, Todd & Cadenhead, J. Robert Persons, Frederick N. Gleaton, David M. Fox, David I. Funk,* for appellees (Case nos. 55352 and 55354).

*Jack Dorsey,* for appellant (Cases no. 55353 and 55355).

*George M. Fox, J. Robert Persons, Frederick N. Gleaton,* for appellees (Case no. 55353).

*J. Robert Persons, Frederick N. Gleaton,* for appellant (Case no. 55354).

*George M. Fox, J. Robert Persons, Frederick N. Gleaton,* for appellees (Case no. 55355).