### 66140. JOHNS v. HERNDON et al.

BIRDSONG, Judge.

This appeal is from the judgment upon a directed verdict entered in favor of appellees-defendants at the close of appellant's evidence. The sole issue on appeal is whether appellant's evidence warranted submission of the case to the jury.

This action arises from injuries sustained by appellant while he was employed by appellees as a carpenter to assist in the building of a farm shed on appellees' property. Appellant testified that the shed was partially constructed when he began work and several upright support posts were in the ground. As he was leaning on one of the posts for support, appellant miss-hit a nail, which struck him in the eye, causing the injuries giving rise to this action. Appellant testified that the miss-hit was caused by a small movement, "probably not even six inches," of the post against which he was leaning. The post was partially buried in the ground but was not secured in any other

manner. Appellant testified that he did not check the stability of the pole, although he stated "there are [sic] no reason why I couldn't have." Prior to the subject incident, appellant had assisted in the placement of several other posts, which were buried in the ground with no additional support. Appellant presented no evidence that either appellee had actual knowledge that the post in question would shift when weight was applied against it or that the post created a dangerous condition on the work site. *Held:*

We agree that appellees were entitled to a directed verdict. " 'The duty of ordinary care that a patron owes to his invitees is the same duty of ordinary care in keeping the premises safe which a master owes to his servant. [Cit.] In either case, two elements must exist in order to merit recovery: fault on the part of the owner, and ignorance of the danger on the part of the invitee.... "The basis of the proprietor's liability is his superior knowledge, and if his invitee knows of the condition or hazard there is no duty on the part of the proprietor to warn him and there is no liability for resulting injury because the invitee has as much knowledge as the proprietor does and then by voluntarily acting in view of his knowledge, assumes the risks and dangers incident to the known conditions." [Cit.]' " *Tect Constr. Co. v. Frymyer,* 146 Ga. App. 300, 302 (246 SE2d 334). The facts presented during appellant's case and recited above unequivocally demonstrated that appellant had equal means with appellees of knowing the alleged danger presented by his leaning against the post for support while nailing. Under these facts, appellees could not be liable for appellant's injuries and were entitled to a directed verdict. See *Seay v. Hurlbut,* 166 Ga. App. 67 (303 SE2d 284); *Amear v. Hall,* 164 Ga. App. 163 (296 SE2d 611); *Hendrix v. Vale Royal Mfg. Co.,* 134 Ga. 712 (1) (68 SE 483).

*Judgment affirmed. Shulman, C. J., and McMurray, P. J., concur.*

DECIDED MAY 20, 1983.

*M. Dean Hall,* for appellant.
*Terry A. Dillard,* for appellees.