## 17013. TRAVELERS INSURANCE COMPANY et al. v. HAMILTON.

The finding of the industrial commission "upon the facts can not be reviewed in the superior court, if there is evidence to support its finding. Such finding can not be reviewed in the appellate court."

DECIDED MARCH 2, 1926.

---

Workmen's Compensation Acts, C. J. p. 122, n. 40.

. Appeal; from Fulton superior court—Judge Humphries. November 18, 1925.

*McDaniel & Neely, Harry L. Greene,* for plaintiffs in error.

*E. E. Carter, E. F. Childress,* contra.

BLOODWORTH, J. Under the workmen's compensation act R. H. Hamilton filed his claim with the industrial commission for compensation on account of injuries sustained because of hot asphalt falling on his neck while he was in the employ of S. E. Finley. The commissioner who heard the case decided against the claimant and denied any compensation whatever, upon the ground that the claimant failed to report to his employer the injury as required by law. Claimant appealed to the full commission, which sustained the finding of Commissioner Kilburn. An appeal was then taken to the superior court, which held that the industrial commission erred in its finding, and remanded the case to the commission for another hearing. To this judgment Finley, the employer, and the Travelers Insurance Company, the insurance carrier, excepted.

In *Maryland Casualty Co.* v. *England,* 160 *Ga.* 810 (129 S. E. 76), the Supreme Court said: "The design of the workmen's compensation act is to furnish a speedy, inexpensive, and final settlement of the claim of injured employees. The act abhors and shuns protracted and complicated litigation over the facts of any case. Conner's Case, 121 Me. 37, 115 Atl. 520; *Gravitl* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 616 (123 S. E. 897). For this reason the act makes the finding of the industrial commission upon the facts final and conclusive. The finding of that body upon the facts can not be reviewed in the superior court, if there is any evidence to support its finding. Such finding can not be reviewed in the appellate court. The finality of a finding of the industrial commission upon the facts of a case is conclusive and binding upon all the courts. The purpose of the act in making such finding conclusive was to avoid the law's delay, which is often the subject of complaint. . . In *Georgia Casualty Co.* v. *Martin,* 157 *Ga.* 909 (122 S. E. 881), the ruling of this court is in accordance with the principle which we now announce. In that case we held that 'the finding of the commission upon the issues of fact is conclusive as to those issues in the reviewing court, there being evidence to sustain it.'" In the case under consideration it was a

question of fact whether notice was given by the injured person to his employer, as required by section 23 of the workmen's compensation act (Ga. L. 1920, p. 180). On appeal from the holding of Commissioner Kilburn that such notice had not been given, the full commission held: "The evidence clearly shows that no report of the accident was made as required by section 23 of the act; that the employer had no knowledge of the accident as contemplated by this section, and that the rights of the employer were prejudiced to the full extent of his liability by the failure of the employee to give proper notice." As there is some evidence to support this finding, under the foregoing ruling of the Supreme Court it can not be reviewed either by the superior court or by the appellate court.

The judge of the superior court erred in setting aside the finding of the industrial commission and in remanding the case to the commission for another hearing. See, in this connection, *United States Fidelity and Guaranty Co.* v. *Hall,* 34 *Ga. App.* 307 (129 S. E. 305 (41)).

*Judgment reversed. Broyles, C. J., and Luke, J., concur.*