26989. BANKS *v.* ELLIJAY LUMBER COMPANY.

DECIDED DECEMBER 5, 1938.    REHEARING DENIED DECEMBER 17, 1938.

*Howell Brooke,* for plaintiff.

*John S. Wood, A. H. Burtz,* for defendant.

STEPHENS, P. J.   John G. Banks filed a claim with the Department of Industrial Relations for compensation under the workmen's compensation act, against Ellijay Lumber Company.   It appeared from the evidence that the claimant was injured while working as an employee at a sawmill belonging to the defendant.   It appeared without contradiction from the evidence that the defendant had employed Luther Parks to operate a sawmill belonging to it, and to saw lumber belonging to the defendant and put it in sticks, for which Parks was to be paid at the rate of $3 per thousand feet; that Parks employed his own help, among whom was the claimant, and paid them out of his own money; that he had full control and authority over his help and could fire them.   Other portions of the evidence as may be material to this court's consideration of the case will be stated and referred to in the opinion.   The defendant contended that the claimant Banks was not an employee of the defendant, but was an employee of Parks who was an independent contractor, and that therefore the claimant was not entitled under the workmen's compensation act to compensation from the defendant.   It is admitted that the injury arose out of and in the course of the employment.

The controlling question for determination on the hearing before the director of the Department of Industrial Relations was whether or not the relationship between the defendant and Parks was that of employer and independent contractor or that of master and servant. The director found that the relationship between the defendant and Parks was that of master and servant, and that therefore the relationship between the claimant and the defendant was that of master and servant, and that the claimant was entitled to compensation. The director awarded compensation. This award was approved by the full board. From this award the defendant appealed to the superior court. The superior court sustained the appeal, holding that the relationship between the defendant and Parks was that of employee and independent contractor, and vacated and set aside the award. To this judgment the claimant excepted.

The true test whether a person employed is a servant or an independent contractor is whether the employer, under the contract, whether oral or written, has the right to direct the time, the manner, the methods, and the means of the execution of the work, as contradistinguished from the right to insist upon the contractor producing results according to the contract, or whether the contractor in the performance of the work contracted for is free from any control by the employer of the time, manner, and method in the performance of the work. *Zurich General Acc. & Liability Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173) ; *Irving* v. *Home Accident Ins. Co.,* 36 *Ga. App.* 551 (137 S. E. 105) ; *Home Accident Ins. Co.* v. *Daniels,* 42 *Ga. App.* 648 (157 S. E. 245) ; *Bentley* v. *Jones,* 48 *Ga. App.* 587 (173 S. E. 737) ; *Liberty Lumber Co.* v. *Silas,* 49 *Ga. App.* 262 (175 S. E. 265) ; *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (164 S. E. 901).

Only employees who are servants fall within the definition of an employee entitled to compensation under the workmen's compensation act. A claimant seeking compensation under the act carries the burden of showing not only that the accident arose out of and in the course of the employment but that the person injured, for whose injury compensation is claimed, was at the time a servant of the employer against whom compensation is claimed. *Bentley* v. *Jones,* 48 *Ga. App.* 587, 589 (173 S. E. 737). While, "where one is employed generally to perform certain services for another, and

there is no specific contract to do a certain piece of work according to specifications for a stipulated sum, it is inferable that the employer has retained the right to control the manner, method, and means of the performance of the contract, and that the employee is not an independent contractor," *Mitchem* v. *Shearman Concrete Pipe Co.*, 45 *Ga. App.* 809 (165 S. E. 889), it does not necessarily follow from this ruling that where one is employed to do a certain piece of work, according to specifications, for a stated sum, that, in so doing, he may not be under the supervision of his employer as to the direction and control of the time, manner, and method of the performance of the work. *Liberty Lumber Co.* v. *Silas*, 49 *Ga. App.* 262 (175 S. E. 265). The employee may nevertheless be the servant of his employer. Where the contract is of this nature, that is, where it provides that the person employed is to do a definitely described piece of work, in a specified manner, according to specifications, for a stated sum, it may be a contract establishing the relationship of master and servant or that of employer and independent contractor, depending upon whether, as a matter of fact, the employer had the right to direct the time, manner, and method of the employee's performance of the work, or whether the employee could perform the work free from the control and direction of his employer as to the time, manner, and method of the performance of the work. It is not inferable, without more, where it only appears that the contract is one to do a described piece of work in a specified manner according to specifications for a stated sum, that it is a contract under which the employer has the right to direct the time, manner, and method of the employee's performance of the contract. This should be made to appear before it can be established that the contract created the relationship of master and servant between the parties.

In the case of *Bentley* v. *Jones*, 48 *Ga. App.* 587 (173 S. E. 737), where the contract was practically identical with the contract in the case now before this court, it was held that it was incumbent upon the claimant to show that the defendant employer had the right to direct the time, manner, and method of the performance of the work. In that case, as here, it appeared that the defendant employer had contracted to turn his sawmill over to another who would use it in the manufacture of lumber for the employer, at a specified price per thousand feet, according to specifications recited

in the contract. It was there held that as there was no evidence of any instances of control or authority assumed by the employer over the operations of the mill, or to show that the employer had the right to direct and control the time, manner, and methods of the work, the evidence was insufficient to establish the relationship of master and servant between the parties. The facts and circumstances relied on in that case to establish such right in the employer were almost identical with the facts and circumstances relied on in the present case. There they were held not sufficient to establish any right in the employer to direct or control the manner and methods of the performance of the work, and therefore were not sufficient to establish the relationship of master and servant. It was there stated, in the opinion of Judge MacIntyre (48 *Ga. App.* 593), as follows: "The facts relied on by the defendant in error [the claimant] to show that the employer reserved or assumed control over the manner, means, and time of doing of the details of the work, in order to sustain the award of the commission, are that Bentley [the defendant employer] owned both the sawmill and its equipment and the lumber; that he advanced the pay roll; that he pointed out the boundary line of his timber; showed where the timber was and what kind he wanted cut, and also gave him instructions as to the dimensions the lumber was to be sawed. The pointing out by Bentley of the tract of land from which the lumber was to be cut, and his directions as to the dimensions desired and the kind of lumber desired, were facts and directions necessary to the formation of the contract itself, and in this case are not in any way antagonistic to the independence of Phillips" (the alleged independent contractor).

The above facts appeared on the trial of the case now before the court. In the case now before the court the evidence shows the additional facts that the Ellijay Lumber Company, the defendant, made repairs upon its mill, either of a temporary or permanent nature, during the performance by Parks of the contract, that while Parks paid the expenses of moving the mill from time to time, the Ellijay Lumber Company at one time paid a portion of this expense. The mill belonged to the Ellijay Lumber Company. It behooved them to keep it in repair irrespective of the nature of the contract. Their acts in paying for the repairs and part of the expenses of moving the mill are as equally consistent with the theory

of the relationship of independent contractor as with that of master and servant. The president of Ellijay Lumber Company testified that if Mr. Parks had not sawed the lumber according to specifications he would have done his "damndest" to discharge him. The witness also stated that he had no right to fire Parks if he failed to cut the lumber as witness "asked him to and it was not satisfactory." Parks also testified that he supposed the president of the Ellijay Lumber Company had the right to fire him at any time; that it was a verbal contract between them. An attempt by an employer to terminate a contract with his employee on the ground that the employee is not performing the work according to its specifications, whether he would have a legal right to do so or not, is not indicative of any right in the employer to control the time, manner, and means of the performance by the employee of the work. It would as equally indicate that the employer was only exercising his right to demand and insist upon the employee's performance of the contract according to specifications, which right the employer would have even though the employee was an independent contractor.

There was evidence that the president of the company visited the mill on one occasion in company with another person, and stated to the claimant Banks, who was an employee under Parks and was working at the mill, that he would like to see him saw, that there was a "fellow with him" and that this fellow wanted to see the mill saw; that the president at the time never gave any instructions how to operate the mill except that he just wanted to see the mill saw, and told Parks to start up the mill, that the president, on this occasion, referred to Parks as his "hand." This action of the president of the company in stating to the claimant that he and the other fellow would like to see the mill saw, and in telling Parks to start up the mill, is as consistent with his having no right to direct the time, manner, and method of the performance of the work as it is consistent with his having such right. It is an isolated instance. It was no more a direction than it was a request. It certainly was not a direction as respected the time, manner, and method of the performance of the work. Assuming that it could be considered as a circumstance, along with other evidence, that the president of the company had this right, it would have no force as evidence authorizing a finding that he had this right in view of

the president's uncontradicted statements in evidence that he never at any time directed the employee, Mr. Parks, how he should cut the lumber, how he should saw it, or when he should saw. None of this evidence, either singly or collectively, is sufficient to authorize a finding that the Ellijay Lumber Company had any right to direct the time, manner, method, or means of the performance of the work of sawing lumber by Parks, or that the company at any time had ever attempted to exercise such right. On the other hand, it appears from the evidence without contradiction that Parks employed his own laborers, among whom was the claimant, to assist in working about the sawmill; that he paid their wages and had full control and authority over them; and had the right at any time to fire them.

Under the ruling of this court in *Bentley* v. *Jones, Irving* v. *Home Accident Ins. Co.*, and *Zurich General Acc. & Liability Ins. Co.* v. *Lee*, supra, the evidence was insufficient to establish that the relationship between the Ellijay Lumber Company and Parks was that of master and servant, and it therefore appears conclusively that such relationship was that of employer and independent contractor. It therefore does not appear that the claimant, Banks, who was employed by Parks, and not by Ellijay Lumber Company, was a servant of Ellijay Lumber Company. Therefore there was no evidence which would authorize the Department of Industrial Relations to find that Banks was a servant of the defendant, Ellijay Lumber Company, and as such was entitled to compensation under the workmen's compensation act. The award of compensation was therefore without evidence to support it and contrary to law. The judge of the superior court did not err in sustaining the appeal of the employer, Ellijay Lumber Company, and reversing the judgment of the Department of Industrial Relations awarding compensation to the claimant.

*Judgment affirmed. Sutton and Felton, JJ., concur.*