27322. McCORMICK *v.* KITCHENS *et al.*

Decided January 23, 1939.

*McCullar & McCullar,* for plaintiff.

FELTON, J. (After stating the foregoing facts.) It is contended by counsel for the claimant that there is not sufficient competent evidence in the record on which to base the award of the Industrial Board. They contend that because of the fact that they were not notified of the first hearing of the claim, and because of the fact that Director Slater was not legally a member of the Industrial Board, the evidence taken at the first hearing should not be in the record and should not be considered in rendering a judgment on the claim. There was sufficient evidence introduced at the hearing to sustain the award of the Industrial Board, and it only remains for us to determine whether the evidence so adduced was competent evidence. It appears from the record that though counsel for claimant were not notified of the hearing, their client appeared and testified without objection. We think that subsequent

actions of counsel waived the objections raised to the testimony taken before Director Slater, and the objection that Director Slater was not legally a member of the Industrial Board, even if the participation by the client in the hearing did not waive them. Counsel for the claimant voluntarily absented themselves from a subsequent hearing before a legally-qualified member of the Industrial Board, at which hearing they could have gone into the evidence brought out at the former hearing, and could have cross-examined the parties testifying at the former hearing. Even were this not true, the evidence on the hearings subsequent to the one held by Director Slater was in effect the same as the previous testimony, and was sufficient to sustain the award of the Industrial Board.

The next contention of the plaintiff is that Kitchens is estopped to deny that he was the employer of McCormick by the fact that he agreed to pay his hospital bill. We are unable to agree with this contention for the reason that if there was nothing owing by Kitchens, the mere fact that he orally agreed to pay the bill would not render him liable and no estoppel would result from the promise.

It is further contended that regardless of who was the employer of McCormick, Kitchens would be liable under Code, § 114-112. That section provides that a principal, intermediate, or subcontractor shall be liable to any employee injured while in the employ of any of his subcontractors. It further provides, however, that every claim for compensation under that section must in the first instance be presented to and instituted against the immediate employer. Thus it follows that if Kitchens was not the immediate employer there could be no recovery under this section because this proceeding was solely against Kitchens.

It will be noticed from the statement of facts that the award of the Industrial Board sets out that McCormick was the employee of one Grady King. It is insisted that since the Industrial Board found that to be a fact judgment should have been entered up against King, or that King should be required to appear and his liability determined at a hearing. The award further sets out that the claim against King, being filed more than one year after the accident, was filed too late and was barred by the statute of limitations. We think the board correctly held that the claim against others than Kitchens was filed too late. The original claim filed with the Indus-

trial Board was against Kitchens, and no one else. It was evidently the intention of the legislature that claims should be filed against some party, and that simply to set out that one has been injured and that somebody owes compensation is not sufficient. That this was the intention of the legislature is clear from reading Code, § 114-305, providing for the time of filing the claim, where, in the exception to the limitation of one year, it says: "except that if a claimant proceeds in good faith *against* a corporation." (Italics ours.) Also in Code, § 114-112, the provision appears that "Every claim . . shall be . . presented to and instituted *against* the immediate employer." (Italics ours.) It is the claimant's duty to file his claim against one whom he contends is his employer. It is not the duty of the Industrial Board to make a special investigation, before a hearing, to ascertain who the proper parties are. The burden of showing the employment is on the claimant. Since the claimant here failed to carry this burden, nothing remained to be done but to dismiss the claim. The evidence supported the award, and the judge of the superior court did not err in affirming the award of the Industrial Board.

*Judgment affirmed. Stephens, P. J., and Sutton, J., concur.*