28395. SMITH *et al. v.* FIDELITY & CASUALTY CO. *et al.*

DECIDED NOVEMBER 14, 1940. REHEARING DENIED DECEMBER 12, 1940.

*McLarty & Cooper,* for plaintiffs.

*John M. Slaton, James J. Slaton,* for defendants.

GARDNER, J. An employee filed his claim for disability compensation for injuries during the course of his employment. The employer and the insurance carrier agreed that the employee was en-

titled to disability compensation, and to this end arrived at an agreement with the employee as to the amount and duration. The Industrial Board in due course approved the agreement and made it the judgment of that tribunal. The employee received such disability compensation until the date of his death. After his death the carrier controverted the claim that the injuries, if any, the employee received, resulted in his death. An autopsy was held. There is much evidence in the record, from both sides, as to what caused the death of the employee. We deem it unnecessary to set out such evidence either in detail or substance. The contentions of the parties may be succinctly stated as follows: The plaintiffs in error contend, first, that the injuries which the employee received, and which were taken as a basis for disability compensation, contributed to and directly caused his death; and second, that even though the cause of his death was independent of and not accelerated by the injuries received, the claimants would nevertheless be entitled to award as dependents of the employee, for the reason that this question was adjudicated adversely to the defendants in error by the award of the Industrial Board, based upon the agreement for disability compensation. The defendants in error claim the reverse of both of these propositions.

1. The act creating and constituting the Industrial Board makes it an exclusive fact-finding body within its sphere of operations. It is a well and long-established policy in the law of this State that where there is evidence to support the finding of such a body, this court is without authority to interfere with such findings. *Independence Indemnity Co.* v. *Sprayberry,* 171 *Ga.* 565, 566 (156 S. E. 230); *Travelers Insurance Co.* v. *Hamilton,* 35 *Ga. App.* 182 (132 S. E. 240); *U. S. Fidelity Co.* v. *Christian,* 35 *Ga. App.* 326 (133 S. E. 639); *Savannah River Lumber Co.* v. *Bush,* 37 *Ga. App.* 539 (140 S. E. 899); *Liberty Mutual Insurance Co.* v. *Holloway,* 58 *Ga. App.* 542 (199 S. E. 334). So this question must be adjudged adversely to the contention of plaintiffs in error. A casual reading of the record will reveal ample evidence to support the finding, although controverted.

2. As to the second question, we are of the opinion that it does not follow necessarily that because the Industrial Board has adjudicated that an employee is entitled to disability compensation, whether based upon truth or not, that the dependents of the

employee would, for the reason of such adjudication, be entitled to dependent compensation. To determine whether or not an employee is entitled to disability compensation is one thing, and one proceeding; and whether his dependents are entitled to dependent compensation is quite another thing and a different proceeding. If the alleged injury did not cause the disability, and a judgment to the contrary was obtained without fraudulent means, this would be a good judgment for disability, even though no injuries were received; but it would not for this reason entitle the dependents to compensation after the death of the employee. On the other hand, it is readily conceivable that an employee's claim for disability compensation may be based on injuries in fact, and this likewise would entitle the employee to disability compensation; but it does not follow as a matter of law that some other cause foreign to the injuries which caused his disability may not be the proximate cause of the death of the employee. And if it did not, such former adjudication as to disability compensation to the employee would not be extended to the benefit of dependents after the death of the employee. For these reasons the judge of the superior court committed no error in affirming the judgment of the Industrial Board that the plaintiffs were not entitled to compensation.

*Judgment affirmed.* *Broyles, C. J., and MacIntyre, J., concur.*