## 30342. YOUNG *v.* DEMOS.

DECIDED FEBRUARY 4, 1944.

*William A. Thomas,* for plaintiff.

*Robert B. Blackburn,* for defendant.

SUTTON, P. J.   Thomas E. Young filed with the State Board of Workmen's Compensation a claim for compensation against N. J. Demos, doing business as Fulton Linen Supply Company.   The director f und that the claimant was not an employee of the Fulton Linen Supply Company, and denied compensation.   The board sustained the findings of the director, and on appeal, the judge of the superior court affirmed the judgment of the board denying compensation.   The exception here is to that judgment.

On the hearing before the director, N. J. Demos testified, in substance, that he was the owner of the Fulton Linen Supply Company; that he did not know the claimant and had never seen him until he saw him on the sidewalk after he was injured; that he never employed the claimant; that after he found the claimant on the sidewalk, he carried him to the hospital; that he made a contract with Louis Pate to paint and hang a sign at his place of business, and to paint his trucks, and paid him for doing the work; that he furnished Pate the permit to hang the sign; that he paid Pate $25 for the three jobs of painting the sign, hanging the sign, and painting the truck; that he made the contract with Pate, and never made any contract with the claimant; that he had nothing to do with the claimant, and never paid the claimant anything; that he gave Pate money with which to buy some supplies; that he did not object to the claimant working; that the first agreement with Pate was for $15 to paint the sign and trucks; that Pate said he would have to have someone to help him do the work; that after the claimant was injured, Pate brought some man to the building and put up the sign.

Dr. Vetch testified as to the nature and extent of the claimant's injuries.

The claimant testified, in substance, that Louis Pate told him where he could get a job hanging a sign, and that they could go around and talk to the man who wanted the sign hung; that he and Pate went to see N. J. Demos, and Pate told Mr. Demos that he had a man to hang the sign for him, and Mr. Demos said, "all right, you can hang it;" that claimant told Mr. Demos he did not have a permit, and was not a contractor, and Mr. Demos told him to go ahead and he would pay him, and that he had everything needed to hang the sign; that Mr. Demos gave Pate and him money to purchase clamps and wire to use in hanging the sign, and told them the ladder was in the place of business; that they used ladders from the place of business in hanging the sign; that a boy who worked there was to hold the ladder used by the claimant, but he failed to do so, and claimant fell and was injured; that claimant did not have any agreement with Mr. Demos as to payment, and Mr. Demos did not pay him anything; that Pate told him that Mr. Demos paid him $2.25; that claimant did job work, painting signs and weather-stripping; that he did not have any contract with N. J. Demos; that he was employed to hang a sign; that he did not have any agreement as to the price he was to be paid; that he never saw Mr. Demos before he was injured; that he saw Mr. Demos about an hour or two before he was injured; that Mr. Demos was inside the building and told him where to put his sign-kit; that Mr. Demos marked off on the building the place he wanted the sign hung.

Louis Pate testified, in substance, that he introduced the claimant to N. J. Demos, and told him that the claimant was the man to hang the sign, as he could not get a permit; that N. J. Demos had a permit; that he talked with Mr. Demos about having the sign erected, and was told to put it up; that he had no contract to put up the sign, and was not paid anything for putting it up; that the receipt he signed was for the particular work done by him in painting the sign and trucks; that he did not agree with Mr. Demos to do all the work necessary, and put up the sign for $25; that his agreement had nothing to do with hanging the sign; that his contract was for $10 for painting the sign, and he also contracted to re-letter the truck for $10; that Mr. Demos asked him what it

would cost to hang the sign if he furnished the equipment, and he told him it ought to cost about $5, and turned the job down; that it took two men to hang the sign; that Mr. Demos asked the claimant if he understood how to hang the sign, and the claimant told him that he did, and that he wanted some equipment to put it up with; that he told Mr. Demos he would have to advance them money for supplies, and Mr. Demos advanced the money to him, and he turned it over to the claimant, who purchased the supplies needed; that after the claimant was injured, the witness got Mr. Cowart, and helped him hang the sign.

In a proceeding for compensation before the State Board of Workmen's Compensation, the burden of proving the relationship of employer and employee is upon the claimant. *Indemnity Co.* v. *Lamb,* 56 *Ga. App.* 492 (193 S. E. 76); *Banks* v. *Ellijay Lumber Co.,* 59 *Ga. App.* 270 (2) (200 S. E. 480); *McCormick* v. *Kitchens,* 59 *Ga. App.* 376, 380 (1 S. E. 2d, 57). In the present case, the board found as a matter of fact and ruled as a matter of law that the claimant was not an employee of the Fulton Linen Supply Company at the time he was injured, and denied him compensation. In the absence of fraud, the findings of the State Board of Workmen's Compensation are conclusive as to facts, where such findings are supported by any evidence. Code, § 114-710; *Independence Indemnity Co.* v. *Sprayberry,* 171 *Ga.* 565 (156 S. E. 230), and cit.; *Thompson-Starrett Co.* v. *Johnson,* 174 *Ga.* 656 (163 S. E. 745); *Smith* v. *Fidelity & Casualty Co.,* 63 *Ga. App.* 898 (12 S. E. 2d, 366), and cit. The facts in the present case, as to whether or not the claimant was an employee of the Fulton Linen Supply Company at the time he was injured, were materially conflicting. The owner of the business, N. J. Demos, testified that he never employed the claimant, and never saw him until after he was injured; while the claimant testified that he talked with N. J. Demos before he was employed, and that Mr. Demos told him to go ahead and hang the sign. The claimant further contended that Pate was not an independent contractor, as contended by N. J. Demos, but that he was an employee of the Fulton Linen Supply Company; that the claimant was employed to help Pate and was, therefore, entitled to the same protection against injury while engaged in the work as Pate was entitled to. "Under the Georgia statute and decisions, the test to be applied in deter-

mining whether the relationship of the parties under a contract for the performance of labor is that of employer and servant, or that of employer and independent contractor, lies in whether the contract gives, or the employer assumes, the right to control the time, manner, and method of executing the work, as distinguished from the right merely to require certain definite results in conformity to the contract." *Yearwood* v. *Peabody*, 45 *Ga. App.* 451 (2) (164 S. E. 901). Also see *Liberty Mutual Ins. Co.* v. *Kinsey*, 65 *Ga. App.* 433 (16 S. E. 2d, 179), and cit. N. J. Demos testified that he contracted with Pate to do three things, paint the sign, hang the sign, and paint the trucks for $25, and that he paid this sum to Pate for his services. Demos did not assume any control over the time, method, or manner of executing the work, but merely marked off on the building the place where he wanted the sign to be hung. He was not present at the time the sign was being hung, nor at the time the claimant was injured, and there is no evidence that he had, or assumed the right to control the time, method, or manner of executing the work. The cases of *American Mutual Liability Co.* y. *Harris*, 61 *Ga. App.* 319 (6 S. E. 2d, 168), and *Swift & Company* v. *Alston*, 48 *Ga. App.* 649 (173 S. E. 741), cited by the plaintiff in error, are distinguishable on their facts from the present case. In those cases, the employer had the right to direct and control the time, manner, and details of doing the work, while the facts of the present case do not demand such finding. The evidence being in conflict on the controlling issue in the case, and there being evidence to support the finding of fact and award of the State Board of Workmen's Compensation, the superior court did not err in affirming the award.

*Judgment affirmed. Felton and Parker, JJ., concur.*