32567. ÆTNA CASUALTY AND SURETY COMPANY
*et al. v.* DANIEL *et al.*

Decided October 11, 1949. Rehearing denied November 8, 1949.

384

392

*Haas & Hurt,* for plaintiff in error.

*Fraser & Irwin, Craighead, Dwyer & Lavender,* contra.

GARDNER, J. It is the contention of the plaintiffs in error that there is an entire absence of competent evidence in this case to support the findings of the board that the deceased was an employee of Kelley's Laundry and Dry Cleaning Company; and they contend that the deceased was an independent contractor. In support of the contention that the deceased was an inde-

pendent contractor, counsel for the plaintiffs cite *Graham* v. *Cleveland,* 58 *Ga. App.* 810, 813 (200 S. E. 184), which points out that the mere fact that a person performs work beneficial to a third person does not render him the servant of such third person. In that case the owner of an automobile turned his car over to an attendant at a parking lot, for the car to be placed in the parking lot by such attendant. The case merely holds that the attendant could not, under the facts of that case, be both the servant of the owner of the automobile and the servant of the parking-lot owner, but also holds that, "It is true that a person may be the servant of two or more persons, and that a general servant of one may become, under certain circumstances, the special servant of another in the performance of a particular piece of work (*Brown* v. *Smith & Kelly,* 86 *Ga.* 274, 12 S. E. 411, 22 Am. St. R. 456; *Greenberg and Bond Co.* v. *Yarbrough,* 26 *Ga. App.* 544, 106 S. E. 624; Standard Oil Company *v.* Anderson, 212 U. S. 215, 29 Sup. Ct. 252)." Clearly, the facts of that case in no way contain essentials which would warrant reversal of the present case based upon the findings in *Graham* v. *Cleveland,* supra. Neither is there any legal logic in applying the decision in *Timmons* v. *Fulton Bag & Cotton Mills,* 45 *Ga. App.* 670 (166 S. E. 40), as a basis for reversing the case at bar. The facts in that case in no wise resemble the facts in the case at bar.

Counsel for the insurance carrier et al. argue at length that the route number was important. While it is used as a basis for the award of the State Board of Workmen's Compensation, it occurs to us that this is relatively unimportant, either to the plaintiffs or to the defendants. We say this without in any way attempting to refute the findings of the board, which we are affirming, but rather to avoid needless discussion.

In *Indemnity Insurance Company* v. *Lamb,* 56 *Ga. App.* 492 (193 S. E. 76), the status of an independent contractor was definitely established. It follows that the facts of the *Lamb* case cannot control the present decision.

Circumstantial evidence cannot be the basis of establishing a fact which can be established or refuted by direct, uncontradicted, reasonable and unimpeached testimony. *Federal Reserve Bank of Atlanta* v. *Haynie,* 46 *Ga. App.* 522 (168 S. E. 112).

This is a correct principle of law, but not applicable under the facts of the instant case. And that hearsay evidence as to the relationship between the parties, whether that of employee or that of independent contractor, is of no probative value and is inadmissible, is likewise a correct principle of law, as enunciated in *Alexander* v. *Bremen,* 53 *Ga. App.* 676 (187 S. E. 141), but has no application under the character of evidence as developed in the present case. There is sufficient direct evidence in the instant case upon which to base a decision. In our opinion the decision is not founded upon circumstantial or hearsay evidence. Therefore, *Eastlick* v. *Southern Ry. Co.,* 116 *Ga.* 48 (42 S. E. 499), is not controlling here. The facts in *Banks* v. *Ellijay Lumber Co.,* 59 *Ga. App.* 270 (200 S. E. 480), *Phipps* v. *Gulf Refining Co.,* 25 *Ga. App.* 384 (103 S. E. 472), *Sinclair Refining Co.* v. *Veal,* 51 *Ga. App.* 755 (181 S. E. 705), *Mauney* v. *Collins,* 64 *Ga. App.* 330 (13 S. E. 2d, 97), and *Maryland Casualty Company* v. *Radney,* 37 *Ga. App.* 286 (139 S. E. 832) show that there was some fact or facts developed in each respective case, by the evidence, which warranted the conclusion reached in each case, that there was no master and servant relationship. But this is not true, under the record, in the case at bar.

This court held in *U. S. Fidelity & Guaranty Company* v. *Price,* 38 *Ga. App.* 346 (144 S. E. 146), and this principle has been followed many times since that ruling, as follows: "There being some evidence to support the finding of the industrial commission that the claimant's deceased husband was an employee and not an independent contractor, this court will not reverse the judgment of the superior court upholding that finding on appeal. . . This was a question of fact which the full commission decided in favor of the claimant. There is some evidence to support their finding; their award was affirmed by the judge of the superior court; and where this is so, 'under the law as laid down in *U. S. Fidelity & Guaranty Company* v. *Christian,* 35 *Ga. App.* 326 (3) (133 S. E. 639), this court is without authority to reverse the judgment of the superior court affirming the finding of the industrial commission.'" Counsel for the carrier, et al. also cite the following cases in support of the contention that Daniel was an independent contractor and not an employee: *Yearwood* v. *Peabody,* 45 *Ga. App.* 451 (2) (164 S.

E. 901); *Zurich General Accident Ins. Co.* v. *Lee,* 36 *Ga. App.* 248 (136 S. E. 173); *Bentley* v. *Jones,* 48 *Ga. App.* 587 (173 S. E. 737); *Bibb Manufacturing Co.* v. *Martin,* 53 *Ga. App.* 137 (185 S. E. 137). The facts in those cases are different from the facts in the instant case, as will be readily discerned upon a reading of the cases.

We think that the claimant in the instant case proved the relationship of employer and employee, and therefore hold that the cases of *Young* v. *Demos,* 70 *Ga. App.* 577 (28 S. E. 2d, 891); *Travelers Insurance Company* v. *Faulkner,* 63 *Ga. App.* 438 (11 S. E. 2d, 367); *McCormick* v. *Kitchens,* 59 *Ga. App.* 376 (1 S. E. 2d, 57), do not control our judgment here, under this record. The facts in DeLuxe Laundry & Dry Cleaners *v.* Frady (Fla.), 40 So. 2d, 779, while somewhat similar to the facts in the instant case, do not show enough similarity to influence us to reverse the instant case, in view of the fact that the DeLuxe Laundry case is a foreign decision, not binding on this court, even if the facts were more nearly the same as those in the instant case.

There is sufficient evidence to support the finding of fact and award of the State Board of Workmen's Compensation, which finding of fact and award were affirmed by the superior court. This being true, this court is without authority to reverse the judgment of the superior court affirming the finding of fact and award of the State Board of Workmen's Compensation.

The court did not err in affirming and sustaining the award and judgment of the State Board of Workmen's Compensation.

*Judgment affirmed. MacIntyre, P. J., and Townsend, J., concur.*