36513. WENDER & ROBERTS, INC. *et al. v.* JONES.

TOWNSEND, J. 1. Regarding the question of what constitutes an employee under the Workmen's Compensation Law, Code (Ann.) § 114-101 provides in part: " 'Employee' shall include every person in the service of another under any contract of hire or apprenticeship, written or implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer." Code (Ann.) § 114-107 provides that the provisions of the act shall not apply "to employees whose employment is not in the usual course of trade, business, occupation or profession of the employer or not incidental thereto." As held in *Continental Casualty Co.* v. *Haynie*, 182 *Ga.* 608 (1) (186 S. E. 683), these sections must be construed together, and mean that the employment of the employee is incidental to the usual course of the trade or business of the employer when it is being performed upon premises and buildings "essential to the successful carrying on of such trade or business in an efficient and modern manner." The test is whether an employment is "in furtherance of the business of the employer, and not in the manner or method adopted in the performance," and whether it "is in furtherance of his gain or profit and is related or incidental to" such employment. *Lee* v. *Claxton*, 70 *Ga. App.* 227 (28 S. E. 2d 87). The testimony in this case shows without dispute that the claimant's deceased husband was employed by Mr. William Wender in his capacity as president and majority stockholder of Wender & Roberts, Inc., with power to hire employees; that the employee received a monthly check of $100 from Wender & Roberts, Inc., amounting to $1,200 per year, of which sum Mr. Wender later refunded to Wender & Roberts $200; that the place of employment was a country estate belonging to Mr. Wender personally; that Mr. Wender in his

capacity as an officer of the corporation used the country place for business purposes to entertain members of the medical profession, customers, and their families and for that purpose maintained a swimming pool and lawns, etc., for outdoor parties, which were considered a business expense by the corporation; that the deceased was employed as caretaker of this place and that his duties, among others, consisted of cleaning out trees and shrubbery and taking care of the lawn around the house and swimming pool. While cutting a tree on this lawn he suffered a cerebral stroke resulting in death. This evidence is sufficient, under the above stated rules of law, to authorize a finding on the part of the Board of Workmen's Compensation that at the time of his death the claimant's husband was an employee of Wender & Roberts, Inc. Other evidence as to employment including the facts that before Wender & Roberts took over a portion of the upkeep of the establishment as a business expense the decedent was employed by Mr. Wender personally; that the employee lived in a cottage on the grounds furnished by Wender personally and used some portion of the land for a personal garden and chicken house; that any surplus crops grown by the employee were sold to Wender & Roberts, Inc., at cost of production, and that the employee, who was also a good carpenter, was obligated to do work for Wender & Roberts, Inc., at their place of business when repairs were needed but had in fact never been called upon to do so—none of these facts, taken in connection with the others, demand a finding that the claimant's husband was not an employee of the drug company as contended but only a personal employee of Mr. Wender.

2. Code § 114-107 also exempts from the provisions of the act farm employees. There is no evidence in the record that the employee was employed as a farmer rather than a caretaker. Nothing indicates that either Mr. Wender or Wender & Roberts, Inc., maintained a farm on the premises. The employee's garden was his personal and leisure-time occupation, and this is not changed by the fact that he occasionally sold surplus products to the drug company. The death certificate listed the decedent's occupation as a farmer. Under Code (Ann. Supp.) § 88-1118 a death certificate is prima facie evidence of the facts stated therein. Assuming without deciding that this presumption attaches to such collateral and relatively imma-

terial information as the vocation of the deceased, it is, in any event, only a prima facie rebuttable presumption (*Davis* v. *Atlantic Steel Corp.*, 91 *Ga. App.* 102, 84 S. E. 2d 839), and the evidence in this record is amply sufficient to authorize the fact-finding tribunal to find that this presumption, if it existed, was rebutted. There was sufficient evidence here to authorize a finding that the country estate was not used by its owner or the employer for farm purposes, and accordingly a finding is not demanded that the employee is excluded from the provisions of the act by reason of being a "farm employee".

There is evidence to support the award of the board finding the deceased to have been an employee of the drug company, and a finding is not demanded that the employee came under either of the two exceptions to the act above dealt with. Accordingly, the Judge of the Superior Court of DeKalb County to whom the case was appealed did not err in affirming the award in favor of the claimant.

*Judgment affirmed. Gardner, P. J., and Carlisle, J., concur.*

DECIDED JANUARY 22, 1957—REHEARING DENIED FEBRUARY 6, 1957.

*Marshall, Greene & Neely, Burt DeRieux, James H. Moore,* for plaintiff in error.

*Woods & Southard, William F. Woods,* contra.