19675. WENDER & ROBERTS, INC. *et al. v.* JONES.

PER CURIAM. The writ of certiorari to review the judgment of the Court of Appeals (*Wender & Roberts, Inc.* v. *Jones,* 95 *Ga. App.* 82, 97 S. E. 2d 160) having been improvidently granted, the petition for the writ of certiorari is

*Dismissed. All the Justices concur, except Duckworth, C. J., Hawkins and Almand, JJ., who dissent.*

SUBMITTED MAY 15, 1957—DECIDED JUNE 11, 1957—REHEARING DENIED JULY 3, 1957.

*Burt DeReiux, Marshall, Greene & Neely,* for plaintiffs in error.

*William F. Woods,* contra.

ALMAND, Justice, dissenting. I can not agree to the judgment dismissing the petition for writ of certiorari. For the reason stated herein, it is my opinion that the writ was properly granted and that, upon review, the judgment of the Court of Appeals was erroneous.

The primary question in this case is that of jurisdiction; *viz.,* does the evidence authorize a finding that Jones, the deceased, was an employee of Wender & Roberts, Inc., at the time of his death? If the evidence does not establish such relationship, the State Board of Workmen's Compensation was without jurisdiction to entertain this claim. *Hartford Accident & Indemnity Co.,* v. *Thompson,* 167 *Ga.* 897 (147 S. E. 50); *Parker* v. *Travelers Insurance Co.,* 174 *Ga.* 525 (2) (163 S. E. 159, 81 A.L.R. 472); *Fidelity & Casualty Co. of New York* v. *Windham,* 209 *Ga.* 592 (74 S. E. 2d 835). Code (Ann.) § 114-101 defines an employee as including "every person in the service of another under any contract of hire or apprenticeship, written or

implied, except one whose employment is not in the usual course of the trade, business, occupation or profession of the employer." The compensation law is not applicable to employees "whose employment is not in the usual course of trade, business, occupation or profession of the employer or not incidental thereto." Code (Ann.) § 114-107. The burden of proving such relationship is upon the claimant. *Banks* v. *Ellijay Lumber Co.*, 59 *Ga. App.* 270 (200 S. E. 480) ; *Young* v. *Demos*, 70 *Ga. App.* 577 (28 S. E. 2d 891) ; *Fidelity & Casualty Co. of New York* v. *Windham*, supra.

On this question, the undisputed evidence before the board may be summarized as follows: Wender & Roberts, Inc., was, in 1953 and all times subsequent thereto, engaged in the operation of a drug store at 3073 Peachtree Road in the City of Atlanta; W. M. Wender was the president of the corporation and owned a majority of the stock of the corporation; Wender owned a farm in DeKalb County where he and his family lived, and he frequently entertained his friends, both personal and business, at picnics and outings on this farm. In April 1953, Wender employed Jones as a caretaker of his farm, Jones' duties being to take care of the swimming pool and to look after the entire farm. Jones was furnished a house complete with its facilities on the premises in which he and the claimant lived. He was permitted to use a part of the land for farming and was allowed to raise chickens and vegetables and to sell the produce of the farm without accounting to Wender for any moneys derived from these sales. For their services, Wender paid both Jones and his wife each $100 per month personally until January 1, 1956. Beginning January 1, 1956, Jones and his wife were paid the sum of $200 per month from the funds of Wender & Roberts, Inc., and from these payments, the sum of $400 was charged on the books of the corporation to Wender's personal account at the end of the year. While Jones was attempting to remove a log he had sawed from a dead tree on the farm, he suffered a cerebral hemorrhage which resulted in his death.

There was no evidence that, after he was employed by Wender in 1953, or after the corporation began to pay him his monthly salary in 1956, Jones ever rendered any services at the place of

business of the corporation. There was also no evidence that the corporation carried on any of its usual course of business on the farm of Wender. There was no evidence that the maintaining of a farm with a swimming pool for the occasional entertainment of individuals was a part of the usual business or trade of the corporation in operating a drug store. It is apparent that Jones and his wife were placed on the payroll of the corporation so that the expense of Wender in maintaining them on his farm could be charged as a corporate expense. Taking all of the evidence together, a finding was demanded that the claimant's husband, at the time of his death, was not employed by Wender & Roberts, Inc., "in the usual course" of its business or trade, and that he did not occupy the status of an "employee" under Code (Ann.) §§ 114-101, 114-107.

The judgment of the Court of Appeals was erroneous and should be reversed.

I am authorized to say that Chief Justice Duckworth and Mr. Justice Hawkins concur in this dissent.