49101. RONFRA DEVELOPMENT CORPORATION v. PENNINGTON et al.

ARGUED FEBRUARY 12, 1974 — DECIDED FEBRUARY 19, 1974 — REHEARING DENIED MARCH 7, 1974 —

196

*Rose & Stern, George S. Stern, Benjamin Landey,* for appellant.

*Hicks & Scroggins, Frank W. Scroggins, Smith, Currie & Hancock, Glower W. Jones, Philip L. Fortune,* for appellees.

DEEN, Judge.

1. The contention that Ronfra is entitled to have sums spent for litigation, attorney fees and interest, in defending the owners against Georgia Pacific's claims of lien paid for by the materialman J & J, or set off against what Ronfra owed J & J on account, is without merit. There can be no quantum meruit recovery under Code § 3-107. In addition to other equally good reasons, it should be pointed out that J & J was not a required defendant in the foreclosure suits, being a bankrupt (Code Ann. § 67-2002 (3)) and that as such bankrupt it had listed Georgia Pacific as a creditor in its bankruptcy schedule. There is no reason to believe that J & J wanted to be defended or that successful prosecution of the liens would have accomplished anything to its ultimate advantage. "The relation of attorney and client is created by contract; and litigants who have not thus assumed liability for attorney's fees can not generally be held liable therefore, although they have been benefited, directly or indirectly, by the attorney's services."

*Christian Women's Benevolent Assn. v. Atlanta Trust Co.,* 181 Ga. 576 (183 SE 551).

2. The third party action fails to state a claim against Georgia Pacific based on malicious use of process. The lien suit, questioning whether a supplier of materials to a prime materialman who supplies them to general contractor who uses them in construction of real estate may take advantage of Georgia lien foreclosure procedure, had not previously been decided in this state. After the decision in this court holding it could not do so (126 Ga. App. 191, supra), application for writ of certiorari was made to and granted by the Supreme Court on behalf of this litigant, which held (229 Ga. 803, supra) that upon "further careful consideration of the issues presented by the appeal, we have concluded that the opinion of the Court of Appeals correctly states the law." The Supreme Court is bound by Code Ann. § 24-4537 (j) which states: "A review on certiorari [to the Court of Appeals] is not a matter of right, but of sound judicial discretion. An application for the writ will be granted only in cases involving gravity and importance." Had the Supreme Court considered Georgia Pacific's claim of lien so obviously lacking in merit as to show an absence of probable cause on its face, it could not under its own rules have granted the writ, or at most, the improvident grant would ultimately have resulted in dismissal. *Wender & Roberts, Inc. v. Jones,* 213 Ga. 375 (99 SE2d 142). The right to pursue lien foreclosure being an open question at the time which necessitated careful consideration at both appellate levels, it is obvious that lack of probable cause, one of the three essentials for maintaining such a suit, is absent. See *Crawford v. Theo,* 112 Ga. App. 83, 85 (143 SE2d 750).

*Judgment affirmed. Hall, P. J., and Stolz, J., concur.*